J-S53019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JHONTAE MARQUEZ KING | |
| Appellant | No. 1402 MDA 2014 |

Appeal from the PCRA Order July 16, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003879-2013

BEFORE: DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 15, 2015**

Jhontae Marquez King appeals the order entered July 16, 2014, in the York County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. King seeks relief from the judgment of sentence of an aggregate five to 12 years' imprisonment, imposed following his entry of a guilty plea to charges of robbery and persons not to possess firearms.[1] On appeal, King contends the PCRA court erred in dismissing his petition because plea counsel was ineffective for failing to file a suppression motion challenging a photo line-up

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 6105(a)(1), respectively.

identification, and for failing to provide satisfactory representation prior to the entry of the plea. For the reasons set forth below, we affirm.

The facts underlying King's guilty plea are as follows.[2] On January 26, 2013, the victim drove to Lincoln Street in York, Pennsylvania, to meet a man whom he believed was going to sell him a cell phone. Once the victim arrived, King and his co-defendant, Koran Culver, entered the victim's car and robbed him at gunpoint. King pointed a gun at the victim, while Culver stole his watch, wallet and cell phone. The police connected Culver to the phone number of the person the victim intended to meet. On February 2, 2013, the victim positively identified Culver from a photo lineup. After further investigation, King was identified as the second suspect. The victim positively identified King from a photo lineup in April of 2013, and King was later charged with robbery, conspiracy, theft, receiving stolen property, and persons not to possess firearms.

On May 23, 2013, Daniel Carn, Esq., entered his appearance as privately retained counsel for King. On October 8, 2013, however, Carn filed a motion to withdraw, averring King was "not satisfied with counsel's representation and ha[d] requested other counsel." Motion to Withdraw

_____

[2] These facts are gleaned from the Affidavit of Probable Cause attached to King's Criminal Complaint. **See** Criminal Complaint, Affidavit of Probable Cause, 4/24/2013.

Appearance, 10/8/2013, at ¶ 4. The trial court conducted a hearing on October 22, 2013, at which time King informed the court that he planned to hire another attorney. *See* N.T., 10/22/2013, at 3. Accordingly, the trial court entered an order, on the record, preliminarily denying Carn's motion to withdraw. However, the court further provided that it would grant the motion "upon the entry of an appearance by another attorney[.]" Order, 10/22/2013.

On December 2, 2013, King was scheduled to appear for trial. However, that day, still represented by Carn, he entered a negotiated guilty plea to one count each of robbery and persons not to possess firearms. The court then imposed the negotiated sentence of four and one-half to nine years' imprisonment on the robbery charge and a consecutive six to 36 months' imprisonment on the firearms charge. That same day, the trial court revoked King's probation on an unrelated charge and resentenced him to a term of five to 23 months' incarceration.

On December 8, 2013, King, represented by new counsel, Kevin Hoffman, Esq., filed a motion to withdraw his guilty plea. He claimed he only entered the guilty plea because he believed his attorney was not "fully prepared to go to trial on his behalf." Motion to Withdraw Guilty Plea, 12/10/2013, at ¶ 6. Further, King averred he had applied for court-appointed counsel prior to his scheduled trial date, but the York County Public Defenders' Office had a "policy to reject any application for

appointment when a privately retained counsel is still of-record." *Id.* at ¶ 5. On March 27, 2014, the trial court conducted a hearing on King's motion to withdraw, and denied the motion that same day. King did not file a direct appeal.

On May 1, 2014, King filed a timely, *pro se* PCRA petition. Counsel was appointed, and filed an amended petition, challenging plea counsel's ineffectiveness for: (1) failing to file a motion to suppress the photo line-up; and (2) failing to prepare for trial and properly advise King before he entered his guilty plea. *See* Amended PCRA Petition, 7/16/2014. On July 16, 2014, the PCRA court conducted an evidentiary hearing. At the conclusion of the hearing, the PCRA court denied King's PCRA petition, and this timely appeal follows.[3]

King raises two claims on appeal, both asserting the ineffective assistance of plea counsel.

_____

[3] On August 19, 2014, the PCRA court ordered King to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). King did not comply within the requisite 21-day period. However, after inquiry by the trial court, he eventually filed a concise statement on November 17, 2014. *See* PCRA Court Opinion, 12/22/2014, at 1-2. The court then filed a statement, pursuant to Pa.R.A.P. 1925(b), noting the issues on appeal "were thoroughly discussed at the PCRA hearing" and referring this Court to the transcript from that hearing. Rule 1925(a) Statement in Support of Decision, 12/22/2014, at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

With regard to the specific claims raised on appeal, we note:

[I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014).

First, King argues counsel was ineffective for failing to file a motion to suppress a photo lineup, which he characterizes as "overly suggestive." King's Brief at 7. He claims his photo is "obviously one of the younger individuals in the line up." *Id.* at 8. Further, King contends that if the line-up identification had been excluded, "it would have affected the weight of any in court identification by the victim." *Id.* Moreover, although he acknowledges he was also identified by his co-defendant, King asserts "the jury would have been instructed that [the co-defendant's] testimony need[s] to be taken with caution." *Id.* Although King does not explicitly state so in his brief, the implication of his argument is that if the evidence had been suppressed, he would have proceeded to trial.

We find King's claim has no arguable merit. Plea counsel testified at the PCRA hearing that after viewing the photo lineup, he did not believe it was "unusually suggestive,"[4] a conclusion with which the PCRA court agreed. *See* N.T., 7/6/2014, at 43 (noting that the photo lineup was entered as Commonwealth's Exhibit 1 at the hearing and "[i]t does not look unnecessarily suggestive to the Court."). Our independent review of the

---

[4] N.T., 7/6/2014, at 26.

photo lineup, which is included in the certified record, reveals no basis upon which to disagree. Furthermore, even if the trial court had suppressed the victim's pretrial identification, King's co-defendant was prepared to identify him and testify against him at trial. Therefore, we find King has not demonstrated counsel was ineffective for failing to file a motion to suppress his photo lineup identification.

Next, King contends he was improperly induced into entering a guilty plea because "he did not believe [plea counsel] had gone over his case with him enough to feel comfortable to proceed to trial." King's Brief at 8. King claims he felt he had no choice but to enter a guilty plea at that time. However, "after reviewing the discovery, the risks of trial, and the circumstances of the case with PCRA counsel," he now believes had he been fully informed, he "would have proceeded to trial." *Id.*

During the PCRA hearing, King testified that he felt his "only option" was to accept the Commonwealth's plea offer because he felt counsel was unprepared to go to trial. N.T., 7/16/2014, at 14. Specifically, King asserted plea counsel (1) never discussed the evidence with him, (2) "basically, persuaded [a potential witness] not to come on [his] behalf,"[5] and (3) failed to check "the credibility of the co-defendant that [put him] at

---

[5] We note King did not specify the name of this witness during the hearing.

the crime." *Id.* at 12, 14, 19. He also acknowledged that he had lied during the plea hearing when he stated he was satisfied with plea counsel's representation and that he was guilty of the crimes charged.

The PCRA court concluded, however, that King failed to demonstrate counsel provided ineffective assistance. *See* N.T., 7/16/2014, at 44-48. We agree. King's PCRA testimony, as well as his appellate brief, contains only bald allegations regarding counsel's failure to prepare for trial. Furthermore, King acknowledged in both his written and oral plea colloquy that he was guilty of the crimes charged, and he was satisfied with the representation of counsel. *See* N.T., 12/2/2013, at 3, 5-6. In fact, the trial court specifically asked King if he had enough time to talk to his lawyer before entering the plea, to which King responded, "Yes." *Id.* at 3. The court also gave King additional time to speak to his attorney when it appeared King was confused about his probation revocation sentence. *See id.* at 4. When King's attorney informed the court that King was satisfied he would receive credit for time served toward his probation revocation, the court asked King, again, "Are you sure about that Mr. King? You don't have to enter a plea. You can go ahead with the trial if you want." *Id.* at 5. King responded, "I'm sure with that." *Id.*

We emphasize:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A

person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003).

Here, King's statements under oath during his guilty plea colloquy are binding. Therefore, King has again failed to establish his claim has arguable merit. Moreover, plea counsel's testimony during the PCRA evidentiary hearing demonstrates counsel had a reasonable basis for advising King to accept the Commonwealth's plea agreement. Although King supplied the name of a potential alibi witness, the mother of his children, counsel testified that he investigated that witness and concluded "[s]he could not act as an alibi witness for him[.]" N.T., 7/16/2014, at 25. Further, counsel explained:

> [W]e did take the testimony at the preliminary hearing of the eyewitness, the victim in this matter. The victim positively identified Mr. King, so we had, essentially, … no evidence, no alibi witness, and we had eyewitnesses of the co-defendant and the victim who was a very credible witness, I thought, at the preliminary hearing.
>
> * * * *
>
> Essentially, the only trial strategy we had was the credibility issue between Mr. King and the two eyewitnesses, and I explained to Mr. King that this would be a huge hurdle to overcome at trial. … [H]e was going to have a pretty tough time denying his identity without an alibi witness.

***Id.*** at 26-27. Accordingly, counsel advised King to "try to make the best plea agreement possible" with the hope that they could "try to save him some time in jail." ***Id.*** at 28. Based upon the testimony at the PCRA

hearing, we find counsel had a reasonable basis for recommending King accept the negotiated plea agreement.

Therefore, because we conclude King failed to demonstrate counsel provided ineffective assistance, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015