**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David POLLARD, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 2003.
Filed Sept. 9, 2003.

519

David Pollard, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: HUDOCK, POPOVICH and CAVANAUGH, JJ.

HUDOCK, J.

¶ 1 This is an appeal from the judgment of sentence entered after Appellant pled guilty to third-degree murder, criminal conspiracy and abuse of a corpse.[1] We affirm.

¶ 2 Appellant helped his brother to strangle and suffocate Victoria Reyes. After she died, they placed her body into a closet. The two later wrapped the victim's naked body in a blanket and deposited it behind a nearby apartment building. On March 6, 2002, Appellant pled guilty to third-degree murder, criminal conspiracy and abuse of a corpse. Appellant was sentenced to twenty to forty years of incarceration for third-degree murder with consecutive terms of imprisonment of five to fifteen years for criminal conspiracy and one to two years for abuse of a corpse. Appellant filed a motion for reconsideration of his sentence contending it was unduly harsh and exceeded the Sentencing Guidelines. The trial court denied the motion, and Appellant filed a timely *pro se*

notice of appeal. New counsel was appointed, and the trial court ordered Appellant to submit a concise statement pursuant to Rule of Appellate Procedure 1925(b). Appellant complied. The trial court thereafter filed a full opinion addressing the circumstances of the appeal.

¶ 3 Appellate counsel filed a brief and petition seeking to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Appellant neither filed a *pro se* brief nor retained alternate counsel. He did, however, submit a *pro se* letter requesting us to consider allegations of ineffective representation by appellate counsel. Appellant presents no specific claim or averment to support his belief that sentencing irregularities occurred in his case. Nor does he present averments in support of the request to withdraw his guilty plea. Rather, he requests us to declare that present counsel is broadly ineffective for filing an *Anders* brief. *See* Letter, 2/4/03.

¶ 4 Appellant's ineffectiveness claims have been raised for the first time on appeal and were not presented to the trial court. Although they are not waived on this basis, the fact remains that no hearing has been conducted, and we have no trial court opinion addressing these issues. As such, the ineffectiveness claims are of the type our Supreme Court has indicated are best left for collateral review. *Commonwealth v. Grant*, 572 Pa. 48, 67–68, 813 A.2d 726, 738 (2002). We therefore decline to address Appellant's allegations of ineffectiveness without prejudice to his right to raise them in a petition filed pursuant to the Post Conviction Relief Act (PCRA).[2]

---

**1.** 18 Pa.C.S.A. §§ 2502(c), 903 and 5510, respectively.

**2.** 42 Pa.C.S.A. §§ 9541–9546.

¶ 5 When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw representation. *Commonwealth v. Boyd,* 763 A.2d 421, 423 (Pa.Super.2000).

> To be permitted to withdraw pursuant to *Anders,* counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

*Id.* After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous. *Id.*

¶ 6 In his petition and brief, counsel indicated he thoroughly examined the record and determined the appeal was frivolous. Counsel also stated that he provided Appellant with a copy of the brief and that he advised Appellant of his rights in lieu of representation. Furthermore, counsel has provided this Court with a proper *Anders* brief discussing the substantive issues Appellant wished to have raised on his behalf. Counsel has fulfilled the technical requirements of *Anders* and its Pennsylvania progeny. Therefore, we shall proceed to an independent evaluation of the record to determine the accuracy of counsel's averment that this appeal is wholly frivolous. Counsel has addressed two issues in the *Anders* brief filed with this Court:

1. Was the guilty plea colloquy in this case knowing and voluntary?

2. Did the sentencing court abuse its discretion?

Appellant's Brief at 2.

¶ 7 Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Shekerko,* 432 Pa.Super. 610, 639 A.2d 810, 813 (1994). There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. *Commonwealth v. Muhammad,* 794 A.2d 378, 382 (Pa.Super.2002). To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." *Id.,* 794 A.2d at 383. "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Ingold,* 823 A.2d 917, 920 (Pa.Super.2003). A defendant's disappointment in the sentence imposed does not constitute "manifest injustice." *Muhammad,* 794 A.2d at 383.

¶ 8 A court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. *Ingold,* 823 A.2d at 920. The colloquy must inquire into the following areas:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any

plea agreement tendered unless the judge accepts such agreement?

*Id.* at 920–21. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. *Commonwealth v. Stork,* 737 A.2d 789, 790 (Pa.Super.1999). He bears the burden of proving otherwise. *Id.*

¶ 9 The transcript of the plea colloquy in this case demonstrates that the trial court inquired at length concerning the terms of the written plea agreement between Appellant and the Commonwealth. N.T., 3/6/02, 6–10. The trial court determined there were two mutually contradictory clauses in the agreement prepared by the Office of the District Attorney. Therefore, the court required the Assistant District Attorney to strike the contradictory provisions to make the written agreement internally consistent. *Id.* at 10.

¶ 10 The trial court informed Appellant of the maximum possible sentences for the charges at issue and indicated there was no agreement limiting the severity of the sentence that could be imposed. *Id.* at 11–12. At the court's request, the prosecutor explained in detail the elements of the charges, and Appellant stated that he understood this explanation. *Id.* at 12–14. The trial court informed Appellant he was presumed innocent of the charges and that he had an absolute right to a trial by jury at which it would be the Commonwealth's burden to prove guilt beyond a reasonable doubt. *Id.* at 14–15. Appellant stated that he had reviewed the written guilty plea form before he signed it. *Id.* at 15. He affirmatively indicated he understood all of the rights described on the form, including his right to a jury trial, and that he knew and understood that by pleading guilty he was relinquishing all defenses he may have had—or thought he may have had—and that there would be negative consequences to pleading guilty if he were on probation or parole. *Id.* at 16. The trial court asked Appellant if he was satisfied with counsel's performance and received an affirmative response. *Id.* Finally, the trial court asked Appellant if he had any questions at all. Appellant replied, "no." *Id.* at 17.

¶ 11 The trial court explicitly and specifically asked Appellant whether he understood that, by pleading guilty, he was relinquishing his right to a trial and almost all of the appeal rights he otherwise would have. *Id.* at 17. Appellant stated that he understood. *Id.* Appellant also averred that nobody had promised him anything, other than the matter discussed in the colloquy, and that he was not under any type of pressure to plead guilty. *Id.* Appellant indicated that he was entering his plea of his own free will. *Id.* The Commonwealth presented a detailed description of the factual basis for the charges. *Id.* at 18–32. Appellant then stated that he was guilty of all three charges and signed the bills of information. *Id.* at 33–34. The court found that the guilty pleas were made "knowingly, intelligently and voluntarily" and accepted them. *Id.* at 34.

¶ 12 The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. *Commonwealth v. Cappelli,* 340 Pa.Super. 9, 489 A.2d 813, 819 (1985). A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. *Stork,* 737 A.2d at 790–91. We agree with the pronouncement of the Court of Appeals for the Third Circuit, when construing both Pennsylvania and federal law, that no procedural device for taking guilty pleas is so perfect as to justi-

fy a rule that would make the plea invulnerable to subsequent challenge. *Dickerson v. Vaughn,* 90 F.3d 87, 91 (3d Cir. 1996). The federal rule is that courts cannot fairly adopt a standard that would exclude, without examination, all possibility that a defendant's averments at the time of his guilty plea were the product of misunderstanding, duress or misrepresentation by others. *Id.* The Pennsylvania standard is congruent with federal law in this regard. Our law does not establish a *per se* rule that may be applied rigidly with no consideration of the nature of the averments made at the guilty plea colloquy in comparison to the claims raised on appeal. *See, e.g., Ingold, supra* (permitting withdrawal of a guilty plea upon recognition that counsel provided ineffective representation which induced the plea thereby demonstrating that the defendant's action was unintelligent and rendering the plea involuntary and unknowing); *Commonwealth v. Barbosa,* 819 A.2d 81 (Pa.Super.2003) (holding that if a defendant was unaware of or misled about the penalty to which he was subject, he must be permitted to withdraw his guilty plea if the lack of knowledge or mistaken belief was material to his decision to enter the plea).

¶ 13 Nevertheless, the fact remains that a defendant may not knowingly lie to the court while under oath:

> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Cappelli,* 489 A.2d at 819.

¶ 14 In this case, Appellant indicated during the oral plea colloquy that he performed the acts in question resulting in the death of the victim and the abuse of her corpse. He explicitly stated that he had not been threatened or forced to plead guilty. He indicated there was no specific sentence that had been promised to him and that he understood the trial court's explanation of the minimum and maximum terms that could be imposed for each crime to which he was pleading guilty. Appellant also indicated that he understood the collateral consequences of pleading guilty and that he knew he was relinquishing all defenses that he could have raised at trial.

¶ 15 The certified record discloses no indication that Appellant was affirmatively misled concerning the provisions of Pennsylvania law, that he misunderstood the relevant provisions of our law, or that he was denied the opportunity to clear up any confusion prior to entering his plea. Furthermore, there is no indication that guilty plea counsel coerced Appellant or induced him to lie to the trial court. Appellant does not contend otherwise, either through the *Anders* brief filed by counsel or in his *pro se* letter advancing his ineffectiveness claims. We note additionally that Appellant entered into a negotiated written agreement that reduced the murder charge from first-degree to third-degree in exchange for the guilty plea. The desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea. *Stork,* 737 A.2d at 791. Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent. *Commonwealth v. Baldwin,* 760 A.2d 883, 885 (Pa.Super.2000), *appeal denied,* 566 Pa. 634, 781 A.2d 138 (2001). For all of the above reasons, we agree with counsel that Appellant's contention he entered an unknowing, unintelligent and involuntary guilty plea must be deemed wholly frivolous.

¶ 16 The second issue identified by Appellant's counsel is whether the sentencing court abused its discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. McNabb,* 819 A.2d 54, 55 (Pa.Super.2003). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will. *Id.*

¶ 17 There is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon,* 571 Pa. 419, 425, 812 A.2d 617, 621 (2002). Rather, allowance of an appeal raising such a claim will be granted only when the appellate court with initial jurisdiction over such claims determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.* The Superior Court determines, on a case-by-case basis, whether a substantial question exists concerning the propriety of the sentence. *McNabb,* 819 A.2d at 56. Bald allegations of excessiveness are insufficient to demonstrate a substantial question. *Id.* at 55–56. However, we will find that a substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.* at 56.

¶ 18 An appellant who seeks to challenge the discretionary aspects of the sentence imposed must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated.

*Id.* Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. *Id.* An appellant's failure to comply with Rule 2119(f) may be waived if the Commonwealth does not object to the defect. *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134, 138–139 (1987) (*en banc*). In the instant case, Appellant never filed a Rule 2119(f) statement, but the Commonwealth has not objected. Accordingly, we do not find Appellant's discretionary challenge to be waived on that basis.

¶ 19 The statutory maximum term of imprisonment for third-degree murder is forty years. 18 Pa.C.S.A. § 1102(d). For sentencing purposes, criminal conspiracy is graded the same as the most serious crime which is the object of the conspiracy. 18 Pa.C.S.A. § 905(a). The most serious crime in this case, third-degree murder, is a felony of the first degree. 18 Pa.C.S.A. § 2502(c). First-degree felonies normally are punishable by a maximum sentence of twenty years of incarceration. *Id.* at § 1103(1). However, this Court has recently indicated that the statutory maximum for conspiracy to commit third-degree murder, like third-degree murder itself, is forty years. *Commonwealth v. Mann,* 820 A.2d 788, 794–95 (Pa.Super.2003). Abuse of a corpse is a second-degree misdemeanor. 18 Pa.C.S.A. § 5510. Second-degree misdemeanors are punishable by a maximum of two years of incarceration. *Id.* at § 1104(2). The trial court imposed a term of twenty to forty years of incarceration on the third-degree murder count, five to fifteen years on the criminal conspiracy count, and one to two years for abuse of a corpse. Therefore, the sentences Appellant received for his convictions were within the statutory maximums and cannot, on that ground alone, be considered illegal or inordinate.

¶ 20 In *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), our Supreme Court re-articulated the longstanding requirement that the lower court must explain its sentencing rationale. However, the Supreme Court subsequently explained that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information regarding a defendant's character along with mitigating statutory factors. *Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988). Here, the record clearly indicates that the lower court had the benefit of a pre-sentence report. Appellant's mother and fiancée both appeared at the sentencing hearing and provided mitigating evidence on Appellant's behalf. Furthermore, the trial court properly afforded Appellant the right of allocution.

▮▮▮▮ ¶ 21 A sentencing judge can satisfy the requirement of placing on the record the reasons for imposing sentence by indicating that he or she has been informed by a pre-sentence report. *Commonwealth v. Burns,* 765 A.2d 1144, 1151 (Pa.Super.2000), *appeal denied,* 566 Pa. 657, 782 A.2d 542 (2001). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Devers,* 519 Pa. at 102, 546 A.2d at 18. *See Commonwealth v. Dutter,* 420 Pa.Super. 565, 617 A.2d 330, 332 (1992) (explaining that the rule in *Devers* applies only to sentences within the ranges of the Guidelines). Prior to sentencing in the present case, the trial judge explicitly stated that she had considered the pre-sentence report in detail. Furthermore, the trial judge indicated that she had weighed the information presented by Appellant's family, the victim impact statements, and Appellant's own statements and demeanor during allocution. N.T., 4/18/02, at 18. The trial judge con-cluded that a lengthy period of incarceration was appropriate. Although the terms of imprisonment imposed for the murder and conspiracy convictions fall within the ranges of the Guidelines, the sentence for abuse of corpse does not.

▮▮▮▮ ¶ 22 Instantly, the Guidelines call for a sentence of Restorative Sanctions to one month of imprisonment in the standard range, with an additional three months in the aggravated range. However, because of the particular circumstances in which the victim's corpse was left, the trial judge found a sentence within the Guidelines to be insufficient and imposed imprisonment of one to two years. When a sentence is "not unreasonable" under the circumstances of the case, an appellate court must affirm. *Commonwealth v. Simpson,* 829 A.2d 334, 336 (Pa.Super.2003). In light of the explanation given by the trial judge concerning her reliance upon the pre-sentence report, her consideration of the victim impact statement as it concerns the manner in which the victim's corpse was left, and Appellant's allocution, we cannot find the sentence imposed in this case to be "unreasonable."

¶ 23 The trial court addressed Appellant's contention that the District Attorney's Office failed to comply with all the terms of the written plea agreement, one of which required the Commonwealth to advise any court, administrative body or other law enforcement agency or organization of the full extent of Appellant's cooperation. Trial Court Opinion, 12/12/02, at 6. However, the trial court found that there was nothing to indicate that the Commonwealth failed to so apprise any court, administrative body or law enforcement agency upon request. *Id.* The trial court explicitly noted that, at the time of sentencing, it was fully aware of the extent of Appellant's cooperation with the authorities. *Id.*

¶ 24 In the present case, Appellant asserts that the sentencing ranges calculated by the trial court constitute a misapplication of the Sentencing Guidelines because they derived from a version of the Guidelines not in effect at the time the offenses were committed. However, the record belies any such claim. The victim was murdered on May 15, 1998. The trial court applied the version of the Sentencing Guidelines that became effective on June 13, 1997, and this point has been conceded in the *Anders* brief. *See Anders* Brief at 5. Instantly, we find no indication in the record that Appellant received manifestly excessive punishment, that the sentencing court acted unreasonably, or that the sentencing judge failed to comply with the applicable statutory and case law requirements of this Commonwealth.

¶ 25 Our examination of the record has convinced us there is no merit to the claims identified by counsel. Furthermore, our evaluation leads us to conclude that this appeal is wholly frivolous. For these reasons, we grant counsel's petition to withdraw.

¶ 26 Petition to withdraw as counsel granted. Judgment of sentence affirmed.