J-S71027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN W. TAYLOR, | |
| Appellant | No. 674 WDA 2015 |

Appeal from the PCRA Order April 6, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0008018-2012, CP-02-CR-0012644-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 23, 2015**

Kevin W. Taylor ("Appellant") appeals from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

After stealing three vehicles within a twelve-month period, Appellant pled guilty on March 4, 2013, at Criminal Docket Numbers 12644-2012 and 08018-2012 to two counts of theft by unlawful taking, 18 Pa.C.S. § 3921. In exchange for the guilty plea, the Commonwealth withdrew two counts of receiving stolen property, 18 Pa.C.S. § 3925.  The trial court revoked Appellant's bond but later reinstated it, and agreed to postpone sentencing pending the preparation of a pre-sentence report.

Appellant failed to appear for sentencing. The trial court issued a bench warrant, and Appellant was eventually apprehended. Appellant appeared for sentencing on August 7, 2013. Appellant requested that counsel inform the trial court that he wanted to withdraw his plea. Counsel declined but advised Appellant that he could make such a motion. When asked if he had anything to tell the trial court, Appellant responded that he wanted to withdraw his plea. The trial court denied the motion and then sentenced Appellant to incarceration for an aggregate term of six and one-half to thirteen years, followed by a fifteen-year term of probation.

Appellant filed a counseled motion and amended motion to withdraw his plea, and the Commonwealth filed a response. The motion to withdraw was denied by operation of law on December 17, 2013. Appellant filed a notice of appeal on January 16, 2014, but discontinued the appeal on April 4, 2014. Thereafter, Appellant filed a counseled PCRA petition on July 7, 2014, alleging plea counsel's ineffectiveness. The Commonwealth filed a response, raising the illegality of Appellant's sentence. By order of court, Appellant filed an amended PCRA petition. The PCRA court conducted an evidentiary hearing on November 19, 2014, at which Appellant and plea counsel testified. On April 6, 2015, the PCRA court denied Appellant's ineffectiveness claims but vacated and modified Appellant's sentence, imposing consecutive one-year probationary terms. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our review, which we reproduce here *verbatim*:

I    That the trial court erred in dismissing Appellants PCRA Petition by concluding that his earlier guilty plea was knowingly and voluntarily made and as such that his trial counsel was effective.

II   That the trial court erred in dismissing Appellants PCRA Petition by concluding that trial counsel was effective despite failing to request that the Trial Court create a record of his request to withdraw his plea of guilty.

Appellant's Brief at iv.[1]

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

To obtain collateral relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from

_____

[1] We note that, in violation of Pa.R.A.P. 2119, Appellant purports to address both issues in one argument. Appellant's Brief at 6. In fact, however, his argument focuses solely on the second issue, *i.e.*, plea counsel's ineffectiveness in failing to create a record regarding Appellant's request to withdraw his guilty plea. ***Id.*** at 7–9. Thus, we conclude that Appellant has abandoned his first issue.

one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). Instantly, Appellant asserted in his PCRA petition ineffective assistance of counsel ("IAC") pursuant to 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes that counsel was effective. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). Hence, it is the petitioner's burden to prove the contrary. *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). To plead and prove an IAC claim, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Moreover, the PCRA court's credibility determinations, when supported by the record, are binding on this Court. *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

Appellant argues that plea counsel was ineffective in failing to request withdrawal of the plea and create a record regarding that request. Appellant's Brief at 7. Applying the three-prong IAC test, Appellant contends that (1) his underlying claim has merit, *i.e.*, "he had a right under the law to argue and develop the record on the issue of withdrawing his guilty plea *prior* to sentencing;" (2) counsel lacked a reasonable basis for not "at least

- 4 -

advocat[ing] his client[']s completely legitimate desire to withdraw a guilty plea;" and (3) prejudice resulted because counsel's ineffective assistance "precluded [Appellant] from ever having claims of innocence heard on their merits at the trial level and precluded him from perfecting a direct appeal based on the denial of a motion to withdraw." *Id.* at 7, 8, 9.

The PCRA court thrice rejected Appellant's argument as disingenuous and meritless:

> During the time that I allowed for [a presentence report], [Appellant] gets a hot urine for cocaine, I mean so I think that he start[s] doing aggravating things during this window that I allowed for a pre-sentence report. He gets high and does other things which further contaminates the dynamic in this relationship. Then after he gets –– we have to issue a warrant for him to catch him, he comes to court, what appeared to me at that point would be a last ditch effort to further prolong the inevitable. And that I think was how I was understanding what was happening.
>
> [Plea counsel] has been practicing law here for thirty years. He is a very –– he goes to great lengths to be an advocate for his clients. If he tells me or I imagine his client that that's a dead horse, you can't come in after the sequence of events in this case and say I want to withdraw my plea, you can't say for what reason, the reason you withdraw your plea is because I'm not guilty. But that wasn't the issue, his guilt or not, he just didn't want to –– he just didn't want to face that that was the date that he was getting sentenced. And he, the way I interpreted it, was just trying to make a last ditch end run to get out of here.

N.T., 11/19/14, at 36–37.

> On November 19, 2014, a hearing was held. The [c]ourt heard from [Appellant] and [plea counsel]. [Appellant's] version of events failed to persuade. His PCRA testimony was at odds with the sworn testimony he provided at the change of plea proceeding. That difference rarely does favors for the credibility

of a PCRA petitioner. [Appellant] does not fall into the exception camp. While recognizing that negative, the [c]ourt is also influenced by the failure of [Appellant] to advance a fair and just reason for allowing his withdraw[al] of the plea immediately before sentencing. As said by his trial lawyer, the motion was not going to be made by him because "there is no basis for" it. Transcript, pg. 21. Undeterred by the advice of his lawyer, [Appellant] then made a *pro se* request to withdraw the plea. The [c]ourt denied it. Most importantly, at the PCRA hearing, [Appellant] did not advance *any* reason why his plea should have been allowed to be withdrawn. After some many months of thinking about this matter, one would think that a fair and just reason would have been advanced. Its absence is fatal to [Appellant's] guilty plea based PCRA claim.

PCRA Court Opinion, 4/6/15, at 1–2 (emphasis in original).

Trial counsel did not [render] ineffective assistance of counsel by failing to make a motion to withdraw [the] plea. At the hearing, trial counsel said the motion was not made because he did not feel there was a legal or factual basis for it. The [c]ourt agrees with that assessment. As such, there is no merit to the underlying claim.

PCRA Court Opinion, 5/12/15, at 2.

Upon review, we find support in the record for the PCRA court's factual and credibility determinations, and we discern no error in its legal conclusion. Notably, Appellant did not assert any grounds for the withdrawal of his plea before the sentencing court. N.T. Sentencing, 8/7/13, at 4. In his PCRA petition, Appellant baldly asserted that plea counsel's ineffectiveness caused Appellant to enter an involuntary and unknowing plea and resulted in the lack of a record regarding Appellant's request to withdraw his plea. PCRA Petition, 8/27/14, at ¶ 15(A), (B). Of course, Appellant's first assertion belies the admissions made at his plea colloquy.

- 6 -

N.T. Guilty Plea, 3/4/13, at 3–7. Appellant is bound by those statements and cannot now be heard to assert grounds for withdrawing the plea which contradict them. **See Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted).

As for Appellant's second assertion, plea counsel explained why he did not request withdrawal of the plea: "[T]here wasn't any basis to withdraw it. [Appellant] made a knowing, voluntary and intelligent decision to plead guilty with my advice and my counsel, and I don't file frivolous motions. It just wasn't there. I knew the Judge wasn't happy with [Appellant], but that really wasn't my concern." N.T., 11/9/14, at 22. The PCRA court agreed with plea counsel's assessment. PCRA Court Opinion, 5/12/15, at 2. Thus, we conclude that plea counsel had a rational basis for refusing to request withdrawal of the plea. Appellant's contrary argument fails.

Because Appellant failed to establish by a preponderance of the evidence that plea counsel was ineffective, Appellant was not entitled to collateral relief. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2015