J-S14037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRENTON ALBERT DIEHL, | |
| Appellant | No. 1436 MDA 2015 |

Appeal from the Order July 24, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004728-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 17, 2016**

This is an appeal from the order entered in the Court of Common Pleas of Berks County dismissing Appellant's first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred in denying his petition without an evidentiary hearing.  We affirm.

The relevant facts and procedural history are as follows:  On March 3, 2014, Appellant, who was represented by counsel, entered a negotiated guilty plea to the charge of possession with the intent to deliver a controlled substance ("PWID") (marijuana) and the summary offense of purchase,

---

*Former Justice specially assigned to the Superior Court.

consumption, possession of liquor or malt or brewed beverages.[1]   At the guilty plea colloquy, Appellant admitted that, on April 11, 2013, when he was nineteen years old, the police stopped his vehicle and discovered therein a malt or brewed beverage and marijuana, which Appellant possessed with the intent to deliver.  N.T. Guilty Plea, 3/3/14, at 5.  In accordance with the negotiated plea agreement, the trial court sentenced Appellant to three years of probation for PWID and a $100.00 fine for the summary offense of possession of a malt or brewed beverage.  Thereafter, as a consequence of his guilty plea, the Pennsylvania Department of Transportation suspended Appellant's driver's license.

Despite being provided with notice of his post-sentence and appellate rights, Appellant filed neither post-sentence motions nor a direct appeal. However, on February 26, 2015, Appellant filed a timely counseled PCRA petition averring the ineffective assistance of guilty plea counsel resulting in the entry of an involuntary guilty plea.  Appellant specifically averred guilty plea counsel was ineffective (1) in failing to discuss the possibility of filing a pretrial motion; (2) in failing to file pretrial motions; (3) in failing to communicate adequately with Appellant for purposes of discussing the

---

[1] 35 P.S. § 780-113(a)(3) and 18 Pa.C.S.A. § 6308(a), respectively.  In exchange for Appellant's guilty plea, the Commonwealth withdrew charges of possession of a controlled substance, 35 P.S. § 780-113(a)(31), possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and exhaust systems, mufflers, or noise controls, 75 Pa.C.S.A. § 4523(d).

process of the case and the full range of options available to Appellant, including but not limited to his right to testify and argue "personal use" of the marijuana as opposed to "intent to deliver;" and (4) in failing to advise Appellant that his driver's license would be suspended as a result of his entry of a guilty plea. Appellant contended that, due to this alleged ineffectiveness, he did not understand his options at the time of the guilty plea colloquy and, as a result thereof, he entered an involuntary guilty plea without the benefit of adequate consultation and advice.

On May 29, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a counseled response to the court's Pa.R.Crim.P. 907 notice. Specifically, Appellant alleged that guilty plea counsel met with him on February 14, 2014, and advised him that a plea offer might be made by the Commonwealth. Thereafter, on March 3, 2014, Appellant "briefly" met with guilty plea counsel, who advised Appellant that the Commonwealth, in fact, made an offer of three years probation and a $100.00 fine in exchange for Appellant pleading guilty to the two offenses indicated *supra*. Appellant's Response filed 6/23/15 at 3. Appellant averred guilty plea counsel indicated there was "not much else he could do," that if Appellant went to trial it would be "his word against that of Officer Borz[,]" and, if convicted, Appellant would face the likelihood of serving jail time. ***Id.*** at 4. However, Appellant emphasized that "[a]t no time either prior to or

- 3 -

during this short conversation did [guilty plea counsel] ever discuss the filing of pretrial motions or whether there was any legal basis for doing so with [Appellant]." *Id.* (underline omitted).

Moreover, Appellant emphasized that "[a]lthough [he] was advised that his license would be suspended, he was not made aware of that until just immediately prior to the entry of the plea, with no time given for him to consider the consequences thereof." *Id.* at 4-5. Also, Appellant averred he was not advised of the length of the suspension. Appellant argued that guilty plea counsel's lack of communication, including failing to discuss the possibility of filing pretrial motions, discussing the full range of options available to Appellant if he proceeded to trial (including his right to testify and argue the marijuana was possessed for personal use), failing to advise him timely that his driver's license would be suspended, and failing to advise him of the length of the suspension, caused Appellant to enter an involuntary guilty plea.

By order entered on July 24, 2015, the PCRA court dismissed Appellant's PCRA petition without a hearing, and Appellant filed a timely notice of appeal. All Pa.R.A.P. 1925 requirements have been met.

Appellant presents the sole issue for this Court's review:

> [Did] [t]he trial court err[ ] in dismissing the Appellant's First Petition for Relief under the Post Conviction Relief Act without first holding an evidentiary hearing and making findings of fact and conclusions of law based upon the evidence adduced and a determination of the credibility of each witness to be presented[?]

- 4 -

Appellant's Brief at 9.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free from error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

"[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Walls**, 993 A.2d 289, 295 (Pa.Super. 2010) (citations omitted). In other words, a judge may dismiss a PCRA petition without a hearing if the petition is patently frivolous and without support in the record, or if the facts alleged therein would not, even if proven, entitle the defendant to relief. Pa.R.Crim.P. 907; **Walls**, **supra**.

> It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Walls**, 993 A.2d at 295 (citation and quotations omitted).

In the case *sub judice*, Appellant's PCRA claims allege the ineffective assistance of guilty plea counsel.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.
> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
> [T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made.

*Commonwealth v. Willis*, 68 A.3d 997, 1001-02 (Pa.Super. 2013) (quoting *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012)) (internal quotation and quotation marks omitted).

In explaining the reasons it dismissed Appellant's PCRA petition without holding an evidentiary hearing, the PCRA court indicated, in relevant part, the following:

> All of the claims raised by [Appellant] involve allegations concerning the effectiveness of plea counsel, and whether counsel's alleged ineffectiveness caused [Appellant] to enter an unknowing, unintelligent, involuntary plea.
> ***

- 6 -

To be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. A court accepting [an appellant's] guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Moreover, Pennsylvania law presumes that [an appellant] who enters a guilty plea was aware of what he was doing. The [appellant] bears the burden of proving otherwise.

\*\*\*

Here, the record reflects that [Appellant] was advised of the nature of the charges to which he was pleading guilty, the factual basis for the plea, and his right to a jury trial. [Appellant] was also informed of the presumption of innocence and the maximum permissible penalties.[2] The record further reflects that [Appellant] stated that he was satisfied with the services of his attorney. In addition, [Appellant] signed a Statement Accompanying Defendant's Request to Enter a Guilty Plea, which was incorporated into the record. That document establishes that [Appellant] was advised that as a result of this conviction, his driver's license would be suspended for six months.

PCRA Court Order and Opinion, filed 5/28/2015, at 4-5 (quotation marks, quotations, and citations omitted) (footnote added).

---

[2] During the guilty plea colloquy, Appellant was also informed that the trial judge need not accept the plea agreement. N.T. Guilty Plea, 3/3/14, at 4.

Moreover, during the guilty plea colloquy, in reference to the signed Statement Accompanying Defendant's Request to Enter a Guilty Plea, which contained notice that Appellant's driver's license would be suspended for six months, the assistant district attorney asked Appellant whether, in light of his answers contained therein, it was still his intent to plead guilty and be sentenced in accordance with the plea agreement. N.T. Guilty Plea, 3/3/14, at 5. Appellant answered affirmatively. ***Id.***

Additionally, as it relates to Appellant's claim that counsel failed to advise him as to the filing of potential pretrial motions, as well as his various rights at trial, the record shows that Appellant was aware of these rights and made a knowing and voluntary waiver thereof. Specifically, during the guilty plea hearing, the following relevant exchange occurred between Appellant and the assistant district attorney:

> **[Assistant District Attorney]:** Do you understand that you have the right to file various pretrial motions including a writ of habeas corpus and a motion to suppress evidence?
> **[Appellant]:** Yes.
> **[Assistant District Attorney]:** Do you understand that if you plead guilty, you give up your pretrial and trial rights?
> **[Appellant]:** Yes.

N.T. Guilty Plea, 3/3/14, at 3 (bold added).[3]

---

[3] Moreover, the signed Statement Accompanying Defendant's Request to Enter a Guilty Plea contained the following sentence: "I understand that by pleading guilty I am giving up my right to file pre-trial motions, including but not limited to a motion for a writ of habeas corpus to dismiss the charges, and a motion for suppression of evidence." The document additionally listed
*(Footnote Continued Next Page)*

As the PCRA court noted in its opinion, "[t]he longstanding rule of Pennsylvania law is that a[n appellant] may not challenge a guilty plea by claiming that he lied under oath, even if he asserts that counsel induced the lies." PCRA Court Order and Opinion, filed 5/28/2015, at 6 (citing **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003)). Here, the oral colloquy and signed written document demonstrate that Appellant understood what the plea connoted and its consequences, and Appellant has not established the plea was involuntary. Appellant is bound by the statements he made during his guilty plea proceedings, and he may not now assert grounds for withdrawing the plea which contradict the statements. **Willis**, 68 A.3d at 1009.

For all of the foregoing reasons, based on the certified record, we conclude the PCRA court did not err in determining Appellant's ineffectiveness claims were meritless and there were no genuine issues of material fact in controversy. Thus, the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without conducting an evidentiary hearing. **Commonwealth v. Clemmons**, 505 Pa. 356, 479 A.2d 955, 957 (1984) ("Where it is clear that allegations of ineffectiveness of counsel are baseless or meritless[,] then an evidentiary hearing is

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

various trial rights, which Appellant acknowledged he was "giving up" by pleading guilty.

unnecessary and the unfounded allegations should be rejected and dismissed.").

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2016