J-S05019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BILLY LONG | : | |
| Appellant | : | No. 848 WDA 2017 |

Appeal from the PCRA Order May 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003844-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BILLY LONG | : | |
| Appellant | : | No. 849 WDA 2017 |

Appeal from the PCRA Order May 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013631-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BILLY LONG | : | |
| Appellant | : | No. 850 WDA 2017 |

Appeal from the PCRA Order May 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013689-2013

J-S05019-18

BEFORE:  OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                                   FILED JUNE 13, 2018

Billy Long appeals from the order entered May 15, 2017, in the Allegheny County Court of Common Pleas dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Long seeks relief from the aggregate sentence of eight to 16 years' imprisonment, followed by three years' probation, imposed after he entered a negotiated guilty plea, in three separate cases,[2] to charges including aggravated assault, persons not to possess firearms, and sexual assault.[3]  On appeal, Long contends the PCRA court erred in dismissing his petition without conducting an evidentiary hearing on his claim that plea counsel was ineffective for failing to provide to him, and/or review with him, discovery materials that disclosed the victim in two of the three cases was not cooperating or communicating with the police.  For the reasons below, we affirm.

The facts underlying Long's guilty pleas are well-known to the parties and we need not reiterate them in detail herein.  In summary,[4] at Docket No.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The appeals, filed separately, were consolidated by this Court sua sponte on August 2, 2017.

[3] See 18 Pa.C.S. §§ 2702, 6105, and 3124.1, respectively.

[4] At the guilty plea hearing, Long waived a reading of the factual summaries of the charges, and relied upon the affidavits of probable cause in each case.

- 2 -

13631-2013, Long was charged with rape, kidnapping, sexual assault, persons not to possess firearms, and simple assault,[5] for an incident that occurred on February 7, 2013, when Long forced his ex-girlfriend ("the victim") into his vehicle at gunpoint, drove her to a motel, and forced her to engage in sexual intercourse with him. At Docket No. 3844-2013, Long was charged with two violations of the Uniform Firearms Act[6] after police found him with a firearm in his vehicle. Lastly, at Docket No. 13689-2013, Long was charged with aggravated assault, persons not to possess firearms, and firearms not to be carried without a license,[7] when in August of 2013, police responded to a 911 call from a hotel and found the victim from the previous case suffering from a gunshot wound. She told paramedics that Long shot her because she would not "smoke crack with him." Docket No. 13689-2013, Criminal Complaint, 8/30/2013, Affidavit of Probable Cause at 3.

On May 15, 2014, Long entered a global, negotiated guilty plea in all three cases. In exchange for the plea, the Commonwealth agreed not to seek a mandatory minimum 10-year sentence for the aggravated assault charge, but rather, requested the court to impose an aggregate sentence of eight to

_____

See N.T., 5/15/2014, at 9. Accordingly, we have gleaned the facts from those affidavits.

[5] See 18 Pa.C.S. §§ 3121, 2901, 3124.1, 6105, and 2701, respectively.

[6] See 18 Pa.C.S. §§ 6105 and 6106.

[7] See 18 Pa.C.S. §§ 2702, 6105, and 6106, respectively.

16 years' imprisonment, followed by three years' probation, for all the convictions. After the court conducted a thorough colloquy, Long pled guilty to the following charges: (1) at Docket No. 3844-2013, persons not to possess firearms, and firearms not to be carried without a license; (2) at Docket No. 13631-2013, sexual assault, persons not to possess firearms, and simple assault; and (3) at Docket No. 13689-2013, aggravated assault and persons not to possess firearms. In accordance with the negotiated plea, the trial court imposed the agreed-upon sentence. Long did not file a post-sentence motion, or direct appeal.

On October 21, 2014, Long filed a pro se motion to dismiss the charges for lack of subject matter jurisdiction. While that motion was pending, on May 27, 2015, he filed another pro se document, entitled "Petition to Notice," in which he sought to preserve his right under the PCRA to challenge his guilty plea. Thereafter, on June 22, 2015, the trial court denied the motion to dismiss, but did not address the May 2015 petition.

On June 9, 2016, present counsel entered his appearance for Long, and requested leave to file an amended PCRA petition. The court granted that request, and on February 16, 2017, counsel filed an amended petition asserting plea counsel's ineffectiveness in failing to provide to Long and/or review with him discovery materials, which led to Long's entry of an unknowing guilty plea. On March 21, 2017, the PCRA court notified Long of its intent to dismiss the petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Long filed a response to the notice, asserting

the court failed to provide adequate reasons for its proposed dismissal, and that the notice was filed at only one of three docket numbers.

Subsequently, on April 24, 2017, the PCRA court issued a second notice of its intent to dismiss the petition, this time at all three dockets, based on its conclusion that Long failed to establish plea counsel's ineffectiveness because (1) Long completed both a written and oral colloquy; (2) "part of the reasoning behind the plea agreement was an understanding that the victim did not want to testify and wanted to leave the area" so that her "purported unavailability does not constitute new or after discovered evidence under the PCRA[;]" and (3) Long's "assertion that counsel's failure to inform him that the victim was temporarily out of contact with the police does not constitute evidence which would have a reasonable probability that the outcome would be different." Order, 4/24/2017, at 1. Long filed another objection to the court's Rule 907 notice. Nevertheless, on May 17, 2017, the PCRA court dismissed Long's petition. These timely appeals followed.[8]

The sole issue raised by Long on appeal is that the PCRA court erred in dismissing his petition without first conducting an evidentiary hearing on his allegation of plea counsel's ineffectiveness. He maintains he alleged sufficient facts to demonstrate the victim was not cooperative with the police, and that,

---

[8] On June 13, 2017, the PCRA court ordered Long to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Long complied with the court's directive and filed a concise statement on July 3, 2017.

if he had been provided with the relevant information before his plea, he would have chosen to proceed to trial. See Long's Brief at 21, 27. Moreover, while Long concedes he is bound by the statements he made during his plea colloquy, he insists his claim "is not premised on an argument that he lied during his court proceedings by stating that he had reviewed all of the available discovery with counsel." Id. at 30. Rather, Long contends counsel did not provide him with the relevant discovery materials until after his plea. See id. Therefore, he argues the PCRA court's bases for denying him an evidentiary hearing are not supported by the record.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Mitchell, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, "a PCRA court may decline to hold a hearing on the petition if petitioner's claim is patently frivolous or lacks support from either the record or other evidence." Commonwealth v. duPont, 860 A.2d 525, 530 (Pa. Super. 2004) (citation omitted), appeal denied, 889 A.2d 87 (Pa. 2005), cert. denied, 547 U.S. 1129 (2006).

In order to obtain relief based upon an allegation of the ineffective assistance of counsel, a PCRA petitioner must demonstrate: "(1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him."

Commonwealth v. Michaud, 70 A.3d 862, 867 (Pa. Super. 2013).
Furthermore, we note:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Commonwealth v. Pier, ___ A.3d ___, ___2018 PA Super 65, *1-2 (Pa. Super. Mar. 21, 2018) (footnote and internal citations omitted).

In the present case, the PCRA court first determined that Long's claim lacked support in the record. The court opined:

> [Long] alleges that trial counsel was ineffective for failing to inform [him] through a review of the discovery materials that [] the victim was not communicating with law enforcement or the Office of the District Attorney. The discovery evidence that [Long] alludes to in his PCRA Petition are two police reports from separate officers, each of which indicates that the victim at [Docket No. 13631-2013] failed to return a phone call in February of 2013. However, the same victim made statements against [Long] in August of 2013 that led to the charges filed at [Docket No. 13689-2013]. At most, this discovery indicated that the victim may have been out of contact with the police for a period of six months almost a year before the listed trial date. The inference that [Long] attempted to make, that the victim may not be available to testify if the case had proceeded to trial, is not supported by the purported evidence.

PCRA Court Opinion, 8/23/2017, at 4. Second, the court determined Long completed both a written and on-the-record colloquy, in which he stated he

had reviewed all discovery materials, and was entering his plea knowingly and voluntarily. See id. at 5-6. The court emphasized Long was bound by the statements he made during the colloquy,[9] and that the global plea he entered offered him "significantly less [prison time] than the total time [he] could have spent in prison if convicted of all counts." Id. at 4 (footnote omitted). Therefore, the PCRA court concluded Long was entitled to no relief.

Considering the court's reasons for denying relief in reverse order, we agree with Long that his claim "is not premised on an argument that he lied during his court proceedings by stating that he had reviewed all of the available discovery with counsel." Long's Brief at 30. Rather, the crux of Long's PCRA issue is that he never saw the pertinent documents before entering his plea and, "had he known of all of the discovery ... he would not have pled guilty and would have instead insisted on taking at least [the cases involving the victim] to trial[.]" Id. at 31. Accordingly, the case law concerning statements a defendant makes during a plea colloquy is not relevant here.

Nonetheless, we agree with the PCRA court's conclusion that the record does not support Long's claim that the discovery materials he reviewed after

_____

[9] See Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa. Super. 2003) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

entering his plea demonstrated the victim was uncooperative with police and unwilling to testify. Our review of those documents reveals the following.

In a supplemental report at Docket No. 13631-2013, dated February 14, 2013, a police detective recounted he called the victim on February 8, 2013, and left a message for her to return his call. See Amended Petition Pursuant to the Post Conviction Relief Act ("Amended Petition"), 2/16/2017, at Exhibit C, Supplemental Report, 2/12/2013, at 2. She did so within a few minutes, but then asked if she could call back later because her phone only worked on "speaker." Id. She did not call back. The detective indicated he called her home again on February 12, 2013, and a female who answered the phone told him the victim was at the hospital, and would return his call the next day. As of the date of the report (2/12/2013), the victim had not returned the detective's call. See id. The report concluded with "INVESTIGATION TO CONTINUE." Id.

In another supplemental report dated February 20, 2013, the same detective noted he had still not received a return call from the victim despite the fact he left messages on numerous occasions. See Amended Petition, 2/16/2017, at Exhibit D, Supplemental Report, 2/20/2013, at 2. He concluded the report as follows: "This case will be listed as exceptionally cleared due to the lack of prosecution by the victim. If [she] calls the [police] officer within the statute of limitations, the case can be re-opened." Id.

Long claims the only reason the case was re-opened was that, after he was arrested for the August 2013 assault on the victim, "law enforcement re-

encountered [the victim] in the hospital essentially by chance, not because she initiated contact with the police to pursue [the case]."[10]  Long's Brief at 27.  He emphasizes there is no support for the PCRA court's finding that the victim was "only temporarily out of contact with the police," and no evidence demonstrating she was "willing to testify against [him] on either [of those cases] after she was admitted to the hospital."  Id.

Furthermore, with regard to Docket No. 13689-2013, Long notes that a police report from the day of the shooting indicated that when an officer arrived at the hospital to interview the victim, he was told by the trauma social worker that the victim "was on a ventilator and could not be interviewed until she could breath[e] on her own."  Amended Petition, 2/16/2017, at Exhibit E, Supplemental Report by Officer Charles Hanlon, 8/30/2013, at 3.  The report further stated the social worker would contact the officer "when an interview is possible."  Id.  Long emphasizes, "the discovery [for that case] contains no reports of any subsequent interview with [the victim] or other indicia that she was in communication with law enforcement and supported the prosecution's case against" him.  Long's Brief at 24, quoting Amended Petition, 2/16/2017, at 17.  From this fact, he extrapolates the victim was unwilling to cooperate with the Commonwealth in the prosecution of these two cases.

_____

[10] We note that this statement is contradicted by the affidavit of probable cause for the case at docket number 13689-2013, which indicates police responded to a 911 call at the hotel where the victim was shot, and being treated by paramedics.  See Docket No. 13689-2013, Criminal Complaint, 8/30/2013, Affidavit of Probable Cause at 2.  The police did not encounter the victim "by chance" at the hospital.  Long's Brief at 27.

We find, however, none of the documents attached to Long's PCRA petition demonstrate the victim's unwillingness to proceed with the prosecution. Her failure to timely return the officer's calls cannot be interpreted to mean she would have refused to testify against Long at trial if she had been subpoenaed to do so. Accordingly, we agree with the PCRA court's conclusion that Long's underlying claim of ineffectiveness lacks a factual basis in the record. Indeed, the discovery materials that counsel allegedly failed to provide do not offer any basis for Long's assertion that the victim was unwilling to testify against him at trial.

We note the trial court indicated in its second Rule 907 notice that Long knew about the victim's reluctance to proceed with the prosecution, and was aware that part of the reason for the plea agreement was because the victim did not want to testify and wanted to leave the area. See Order, 4/24/2017, at 1. We agree with Long that this information is not reflected in the transcript from the plea hearing. See Long's Brief at 27 -28 n.1. Nevertheless, Long does not dispute that he received a copy of the probable cause affidavit for the sexual assault case, which stated that after the victim returned to her home following the assault, she heard a knock at the door. See Docket No. 13631, Criminal Complaint, 9/6/2013, Affidavit of Probable Cause at 3. When the victim answered the door, she encountered Long, at which time,

> [Long] began to assault her again shouting at her stating "don't call the police or I'll kill you and your daughter" and then subsequently punched her in the right eye causing the swelling.

- 11 -

Id. This statement explains the victim's reluctance to speak with police, but does not support a conclusion she was unwilling to testify against him at trial.

Accordingly, we detect no error on the part of the PCRA court in dismissing Long's petition without first conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2018