J-S41014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NINA DENNIS | : | |
| | : | |
| Appellant | : | No. 264 MDA 2020, |

Appeal from the PCRA Order Entered January 21, 2020,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0002024-2018.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED NOVEMBER 25, 2020**

Nina Dennis appeals from the order denying her first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§9541-9546.  We affirm.

The pertinent facts and procedural history, as gleaned from the certified record, are as follows:  On February 26, 2018, Lower Paxton police officers arranged a controlled buy of 100 hydrocodone pills from Dennis, and the transaction occurred.  Approximately one month later, the police arranged for another controlled buy, but Dennis was taken in to custody before the buy could be made.

On October 11, 2018, Dennis entered a negotiated guilty plea to one count of delivery of a controlled substance and one count of possession of a

---

[*] Retired Senior Judge assigned to the Superior Court.

controlled substance with intent to deliver. As part of the plea, the Commonwealth withdrew the remaining charges of two counts of criminal use of a communication facility and one count of possession of drug paraphernalia. On December 20, 2018, the trial court sentenced Dennis to an aggregate term of two to four years of state incarceration and a consecutive five-year probationary term. Dennis did not file a direct appeal.

On June 24, 2019, Dennis filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed a supplemental PCRA petition on September 16, 2019. The Commonwealth filed a response. On December 26, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Dennis' PCRA petition. Dennis did not file a response. By order entered January 21, 2020, the PCRA court dismissed Dennis' PCRA petition. This timely appeal followed. Both Dennis and the PCRA court have complied with Pa.R.A.P. 1925.

Dennis now raises the following issue:

1. Did the [PCRA] court err in its determination that [Dennis'] guilty plea was knowing and voluntary and that her trial attorney had provided effective [assistance of] counsel?

Dennis' Brief at 4.

Our standard of review is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is

> free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Dennis' claim alleges the ineffective assistance of plea counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his [or her] guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

Here, the PCRA court concluded Dennis' claim that plea counsel was ineffective did not provide a basis for post-conviction relief. Our review of the certified record, including Dennis' written and oral plea colloquies, supports this conclusion.

As this Court has summarized:

Our law presumes that a defendant who enters a guilty plea was aware of what [she] was doing. [She] bears the burden of proving otherwise.

\*\*\*

The long standing rule of Pennsylvania law is that a defendant may not challenge [her] guilty plea by asserting that [she] lied while under oath, even if [she] avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements [she] made at [her] plea colloquy.

\*\*\*

> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that [her] lies were induced by the prompting of counsel.

***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Dennis claims on appeal that plea counsel assured her that, because she had a prior record score of zero, she would only be sentenced to a term of probation. According to Dennis, counsel's advice that she would receive only a term of probation after she pled guilty to two felony drug convictions "certainly [fell] below the range of professionally competent assistance of counsel demanded by the Sixth Amendment." Dennis' Brief at 9.

Dennis' claim is contradicted by her negative response in the written guilty plea to the question of whether any promises had been made to persuade her to enter her guilty plea. Guilty Plea Colloquy, 10/11/18, at 5, ¶ 17. Moreover, during her oral plea colloquy before the trial court, Dennis acknowledged that she executed the written guilty plea, went over it with plea counsel, and understood its terms. ***See*** N.T., 10/11/18, at 2-3. Finally, as noted by the PCRA court, prior to sentencing, two months after she entered her plea, Dennis again acknowledged her understanding that she was facing a state sentence for her convictions. ***See*** PCRA Court Opinion, 4/14/20, at 2 n.6 (citing N.T., 12/20/18, at 3).

In sum, because Dennis' claim of ineffectiveness regarding the entry of her guilty plea is refuted by the record, we affirm the PCRA court's order denying her post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2020