J-S54018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

URSULA L. LAUER

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1722 WDA 2015

Appeal from the PCRA Order October 20, 2015
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000002-2014
CP-61-CR-0000358-2014
CP-61-CR-0000391-2014

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 19, 2016**

Ursula L. Lauer appeals from the order entered October 20, 2015, in the Venango County Court of Common Pleas, dismissing her first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9545.  On August 29, 2014, Lauer was sentenced to an aggregate term of 39 to 80 months' imprisonment following her guilty pleas, at three separate dockets, to charges of retail theft and forgery (two counts).[1]  On appeal, Lauer contends the PCRA court erred in dismissing her claim that plea counsel was ineffective for forcing her to enter an unknowing and involuntary guilty plea.  For the reasons below, we affirm.

_____

[1] 18 Pa.C.S. §§ 3929(b)(iv) and 4101, respectively.

The relevant facts and procedural history are as follows. On April 21, 2014, Lauer entered a guilty plea to one charge of retail theft at Docket C.R. No. 2-2014, in exchange for which the Commonwealth agreed to a standard range sentence. Thereafter, on August 14, 2014, she entered an open guilty plea to two counts of forgery, one at Docket C.R. No. 358-2014, and the other at Docket C.R. No. 391-2014. In exchange for those pleas, the Commonwealth withdrew several additional charges.

On August 29, 2014, the trial court sentenced Lauer on all three dockets. In each case, she received a standard range sentence, for an aggregate term of 39 to 80 months' imprisonment.[2] No direct appeal was filed. On February 12, 2015, Lauer filed a *pro se* PCRA petition, asserting she was innocent of one count of forgery and that plea counsel misled her as to the sentence she would receive. New counsel was appointed, and filed an amended PCRA petition on July 21, 2015, asserting plea counsel's ineffectiveness caused her to enter an unknowing plea. The PCRA court convened a hearing on July 22, 2015. Thereafter, on October 20, 2015, the

_____

[2] At Docket C.R. No. 2-2012, Lauer was sentenced to a term of 11 to 24 months' imprisonment for retail theft. At Docket C.R. Nos. 358-2014 and 391-2014, she received identical sentences of 14 to 28 months' imprisonment on each count of forgery. The trial court directed that all of the sentences be served consecutively to each other.

court entered an order denying Lauer's request for relief. This timely appeal follows.[3]

Lauer's sole claim on appeal is the PCRA court erred in dismissing her claim that plea counsel was ineffective for forcing her to enter an unknowing and involuntary plea. When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

Where, as here, the petitioner alleges the ineffectiveness of prior counsel in conjunction with a guilty plea, our review is as follows:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed

_____

[3] On October 29, 2015, the PCRA court ordered Lauer to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Lauer complied with the court's directive, and filed a concise statement on November 9, 2015.

to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations, quotation, and quotation marks omitted). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." [*Commonwealth v.*] *Anderson*, 995 A.2d [1184,] 1192 [Pa. Super. 2010] (citations, quotation, and quotation marks omitted).

*Commonwealth v. Willis*, 68 A.3d 997, 1001-1002 (Pa. Super. 2013).

In the present case, Lauer contends she did not understand the plea agreement, and "felt forced by her counsel to enter into a plea of guilt on one case even though she had conveyed to counsel that she wanted to go to trial." Lauer's Brief at 10. Further, Lauer claims plea counsel never met with her before the hearing, and she had insufficient time to ask questions or "discuss … what her options were." *Id.* at 10-11.

When considering the voluntariness of a defendant's guilty plea,

[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that [she] lied while under oath, even if [she] avers that counsel induced the

lies. A person who elects to plead guilty is bound by the statements [she] makes in open court while under oath and [she] may not later assert grounds for withdrawing the plea which contradict the statements [she] made at [her] plea colloquy.

*Commonwealth v. Pollard*, 832 A.2d 517, 524 (Pa. Super. 2003). *See also Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Our review of the record reveals the trial court conducted an extensive oral colloquy before accepting each guilty plea. *See* N.T., 4/21/2014 (Docket C.R. No. 2-2014); N.T., 8/14/2014 (Docket C.R. Nos. 358-2014 and 391-2014). With respect to the particular claims raised herein, Lauer acknowledged that: (1) she had a complete understanding of the plea agreements; (2) no promises were made to her other than those outlined in the agreements;[4] (3) no one threatened or intimidated her to plead guilty; and (4) she had enough time to discuss the cases with her attorney. *See* N.T., 4/21/2014, at 18-19; N.T. 8/14/2014, at 34-35. In fact, at the end of both colloquies, before accepting the pleas, the trial court provided Lauer with one last opportunity to question either her attorney or the trial court.

_____

[4] In exchange for Lauer's guilty pleas, the Commonwealth agreed to the following. At Docket C.R. No. 2-2014 (retail theft), the Commonwealth recommended a standard range sentence. *See* N.T. 8/14/2014, at 25. Further, at Docket C.R. Nos. 358-2014 and 391-2014 (forgery), the Commonwealth agreed to *nolle pros* the remaining charges. *See* N.T., 4/21/2014, at 12. Those charges included access device fraud and theft at both dockets, and identity theft and receiving stolen property at Docket C.R. No. 391-2014. *See* 18 Pa.C.S. §§ 4106(a)(1)(ii), 3921(a), 4120(a), and 3925, respectively.

THE COURT: I have not yet accepted your plea of guilty. You may, if you so desire, change your mind now, enter a plea of not guilty and stand trial. Therefore, I ask you, is it still your desire to enter a plea of guilty to the charge subject to the terms of the plea agreement?

[LAUER]: Yes.

THE COURT: Do you do this of your own choice?

[LAUER]: Yes.

THE COURT: Do you have any questions that you desire to ask about anything I have said to you or about anything at all?

[LAUER]: No.

THE COURT: Do you have any questions for your attorney[?]

[LAUER]: No.

THE COURT: The court finds the plea is intelligently, voluntarily tendered. The pleas are accepted.

N.T., 8/14/2014, at 37. *See also* N.T., 4/21/2014, at 21.

Lauer's allegations on appeal contradict the statements she made during her respective plea colloquies. Accordingly, her ineffectiveness claim has no arguable merit, and she is entitled to no relief. *See Pollard*, *supra*.

Moreover, we note Lauer's principal complaint during the PCRA hearing was that counsel purportedly promised she would receive a county sentence, so that she was "pretty shocked" when she "got all the prison time."[5] N.T.,

_____

[5] In fact, when questioned why she did not tell the court that there were promises made to her other than those disclosed in the plea agreement, Lauer responded: "I was all right with the county sentence. [Counsel] promised me a county sentence, so I was all right with that." N.T., 10/1/2015, at 8.

10/1/2015, at 17. However, she does not repeat that claim in her brief. Accordingly, it is waived for our review. *See* Pa.R.A.P. 302(a).

Further, we note that even if we were to find Lauer's claim had arguable merit, we would conclude she failed to demonstrate counsel had no reasonable basis for informing her she had to enter a guilty plea on both forgery charges. Although Lauer alleges she was innocent of one of the forgery charges and wanted to go to trial on that charge, she testified at the PCRA hearing: "I was pleading guilty for both [forgery] charges because that is what I was informed I had to do. I had to plead guilty to both charges for them to drop the rest of them." N.T., 10/1/2015, at 18. The record does not reveal whether the Commonwealth would have offered Lauer a plea deal on **only one** of the forgery charges, or, if as she states, the Commonwealth insisted she "had to plead guilty to both charges for them to drop the rest of [the charges]." *Id.* Significantly, Lauer did not call plea counsel to testify. Therefore, she has failed to prove counsel had no reasonable basis for informing her the plea agreement was part of a "package deal" which included both dockets, when, in fact, that may have been true.

Accordingly, because we find no error or abuse of discretion on the part of the PCRA court in dismissing Lauer's ineffectiveness claim, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016