J. S48018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHIAN DARALL GOEHRING, | : | |
| | : | |
| Appellant | : | No. 1394 WDA 2015 |

Appeal from the Judgment of Sentence July 6, 2015
In the Court of Common Pleas of Washington County
Criminal Division No(s): CP-63-CR-0000897-2014

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 16, 2016**

Appellant, Anthian Darall Goehring, appeals from the Judgment of Sentence entered in the Court of Common Pleas of Washington County following Appellant's open guilty plea to Third-Degree Murder, Conspiracy to Commit Murder, and Robbery.[1]  On July 6, 2015, the trial court sentenced Appellant to an aggregate term of thirty (30) to sixty (60) years' incarceration.[2]  We affirm on the basis of the trial court's Opinion.

_____

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 903(c); 18 Pa.C.S. § 3701(a)(1)(i), respectively.

[2] The trial court sentenced Appellant as follows: for count 1, Third-Degree Murder, twenty (20) to forty (40) years' incarceration; for count 3, Conspiracy to Commit Murder, ten (10) to twenty (20) years' incarceration to be served consecutive to the period of incarceration imposed at count 1; for count 7, Robbery, ten (10) to twenty (20) years' incarceration to be served concurrent to the period of incarceration imposed at count 1.

The trial court set forth the relevant factual history as follows:

[O]n March 31, 2014, the police responded to a report of a shooting at 450 Chestnut Street, Apartment B[.]

Upon their arrival, they noticed multiple gunshots through the door. They also observed a 10 year old [girl] had been struck by two shots. She was subsequently taken to Washington Hospital and pronounced dead. The coroner determined that the cause of death was the gun shooting.

The investigation revealed that the four Defendants proceeded to that apartment on the morning of March 31, two of them remained in the car, that being Mr. White and Mr. Thomas. [Appellant] and Mr. Cochran proceeded up the steps and discharged firearms into the doors.

Trial Court Opinion, dated 2/9/16, at 4.

On April 17, 2015, Appellant entered a counseled open guilty plea and the trial court sentenced him on July 6, 2015. Appellant filed a Post-Sentence Motion on July 13, 2015, which the trial court denied on August 14, 2015. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the trial court abuse its discretion and exercise judgment that was manifestly unreasonable, when it sentenced [Appellant] to an aggregate period of incarceration of no less than thirty (30) years to no more than sixty (60) years, which sentence is disproportionate to [Appellant]'s role in the crime, excessive, and fails to take into consideration [Appellant]'s cooperation against his co-defendants, along with his character and history.

Appellant's Brief at 4.

The issue Appellant raises on appeal challenges the discretionary aspects of his sentence. It is well settled that there is no automatic right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). Rather, to reach the merits of a discretionary sentencing issue, this Court must conduct a four-part analysis to determine:

> (1) whether appellant filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation omitted).

Appellant filed a timely Notice of Appeal, properly preserved the issue, and complied with briefing requirements under Pa.R.A.P. 2119(f). Thus, we must determine whether Appellant raised a substantial question for our review.

A substantial question exists when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, Appellant avers that the sentence is "unreasonable and unduly excessive" because the trial court imposed "consecutive sentences" and failed "to properly account for the appellant's cooperation against his co-defendants, and his history and characteristics and instead concentrates heavily on the nature and circumstances of the offense." Appellant's Brief at 9. This claim presents a substantial question for review. **See Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012) (holding an allegation that a sentence fails to consider relevant sentencing criteria violates a fundamental norm underlying the sentencing process and raises a substantial question); **Commonwealth v. Dodge**, 77 A.3d 1263, 1273 (Pa. Super. 2013) (holding defendant's challenge to the consecutive nature of his sentence raised a substantial question).

Having determined that Appellant's issue on appeal raises a substantial question for review, we turn to the merits of Appellant's sentencing challenge.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." **Dodge, supra** at 1274 (citation omitted). Additionally, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." **Id.** (citation and quotation marks omitted).

Section 9781(c) dictates that this Court should vacate a sentence if it finds the sentence was within the sentencing guidelines but the guidelines were applied erroneously or the case involves circumstances where application of the guidelines would be unreasonable. **See** 42 Pa.C.S. § 9781(c). Also, this Court should vacate a sentence if the sentence is outside the guidelines and the sentence is unreasonable. **See id.**

In reviewing the record, this Court must consider:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant.

(2)  the opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)  the findings upon which the sentence was based.

(4)  the guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

The Honorable Edward J. Borkowski, who presided over the sentencing hearing, has authored a thorough and well-reasoned Opinion, citing to the record, relevant case law, and applicable statutes in addressing Appellant's challenge to the discretionary aspects of his sentence. After a careful review of Appellant's arguments and the record, we affirm on the basis of the trial court's Opinion, which concluded that: (1) the trial court did not abuse its discretion in fashioning a sentence for Appellant, and (2) the trial court considered all relevant factors, including Appellant's presentence report, Appellant's history, Appellant's apology, and the fact that Appellant

cooperated with the police in investigating the homicide. **See** Trial Ct. Op. at 4-8.

The parties are instructed to attach a copy of the trial court's Opinion to all future filings.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,    CRIMINAL DIVISION

APPELLEE,

V.                                CC 201400897

ANTHIAN DARALL GOEHRING,

APPELLANT.


OPINION

BORKOWSKI, J.


PROCEDURAL HISTORY

Appellant was charged by criminal information (CC 201400897) with one count of criminal homicide,[1] one count of conspiracy,[2] four counts of aggravated assault,[3] one count of robbery,[4] one count of burglary,[5] one count of person not to possess a firearm,[6] one count of discharging a firearm into an occupied structure,[7] and four counts of recklessly endangering another person.[8]

---

[1] 18 Pa. C.S. § 2501(a).
[2] 18 Pa. C.S. § 903(c).
[3] 18 Pa. C.S. § 2702(a)(1).
[4] 18 Pa. C.S. § 3701(a)(1)(i).
[5] 18 Pa. C.S. § 3502(a)(1).
[6] 18 Pa. C.S. § 6105(a)(1).
[7] 18 Pa. C.S. § 2707.1(a).
[8] 18 Pa. C.S. § 2705.

On April 17, 2015, Appellant entered a guilty plea to third degree murder, conspiracy to commit murder, and robbery.

On July 6, 2015, Appellant was sentenced by the Trial Court as follows:

Count one: third degree murder – twenty to forty years incarceration;

Count three: conspiracy to commit murder – ten to twenty years incarceration to be served consecutive to the period of incarceration imposed at count one;

Count seven: robbery – ten to twenty years incarceration to be served concurrent to the period of incarceration imposed at count one.

On July 13, 2015, Appellant filed a post sentence motion, which was denied on August 14, 2015. This timely appeal follows.

## STATEMENT OF ERRORS ON APPEAL

Appellant raises the following issue on appeal, and it is set forth exactly as he framed it:

I. Did the Trial Court abuse its discretion and exercise judgment that was manifestly unreasonable, when it sentenced the defendant to an aggregate period of incarceration of no less than thirty (30) years to no more than sixty (60) years, which sentence is disproportionate to defendant's role in the crime, excessive, and fails to take into consideration the defendant's cooperation against his co-defendants, along with his character and history?

3

## FACTS

The Commonwealth provided the following recitation of facts at Appellant's plea proceeding:

> Your Honor, if we were to proceed to trial, the evidence that we would educe would be that on March 31, 2014, the police responded to a report of a shooting at 450 Chestnut Street, Apartment B [. . .].
>
> Upon their arrival, they noticed multiple gunshots through the door. They also observed a 10 year old, Taniyah Thomas, had been struck by two shots. She was subsequently taken to Washington Hospital and pronounced dead. The coroner determined that the cause of death was the gun shooting.
>
> The investigation revealed that the four Defendants proceeded to that apartment on the morning of March 31, two of them remained in the car, that being Mr. White and Mr. Thomas. Mr. Goehring and Mr. Cochran proceeded up the steps and discharged firearms into the doors.
>
> We took statements from Mr. Goehring, Mr. White and Mr. Thomas, and that's why the charges were filed in this matter.

(Plea Transcript, April 17, 2015, pp. 14-15).

## DISCUSSION

Appellant alleges in his sole claim that the Trial Court abused its discretion when it sentenced Appellant disproportionate to Appellant's role in the crime, and the Trial Court failed to take into consideration his cooperation, character, and history. This claim is without merit.

Here, Appellant was convicted of third degree murder, conspiracy to commit murder, and robbery, and was sentenced to an aggregate term of incarceration of

4

thirty to sixty years. It should be noted that each sentence at each of the charges were standard range sentences, and it is well-established that the decision to impose sentences consecutively lies within the sound discretion of the sentencing court. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005); *Commonwealth v. Peay*, 806 A.2d 22, 29 (Pa. Super. 2002) (challenge to excessiveness will not raise a substantial question when sentenced within statutory limits).

A defendant challenging the discretionary aspects of his sentence must satisfy a four-part test in order to invoke the Superior Court's jurisdiction to review his claim:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotations and citations omitted). A substantial question is raised when a defendant alleges that the sentencing court failed to take into consideration certain statutory factors before sentencing a defendant. *Commonwealth v. Riggs,* 63 A.3d 780, 786 (Pa. Super. 2012). A sentence will be deemed unreasonable if a sentencing court fails to consider certain statutory factors before sentencing a defendant. 42 Pa. C.S. § 9721(b) ("protection of the public, gravity of the offense as it relates to the impact

on the life of the victim and on the community, and the rehabilitative needs of the defendant").

Contrary to Appellant's assertion that his sentence was disproportionate to his role in the crime, the evidence presented at Appellant's plea proceeding included that Appellant was one of the two individuals who kicked in the front door of an apartment building and proceeded to one of the apartments to rob the adult male occupant. To effectuate this, Appellant and his cohort discharged their weapons into the door of the apartment killing 10-year-old Taniyah Thomas who was one of the four occupants. *See supra* p. 4; Affidavit of Probable Cause. Furthermore, the record clearly establishes that prior to sentencing Appellant, the Trial Court considered all relevant factors. Specifically, the Trial Court reviewed Appellant's presentence report, his history, the apology offered by Appellant, and the fact that Appellant cooperated with the police in investigating this homicide. (S.T. 2-4).[9] The Trial Court additionally noted that:

> The Court, of course, takes into account and understands and accepts the anger that the Thomas family has and the loss of a 10-year-old girl. The Court also understands and accepts the district attorney's position as [a minister] of justice[,] in terms of solving this particular crime, the excellent work that went on by the Washington County Police Department and also demanding a strong measure of accountability in terms of the recommendations that have been put forth.
> The Court finds in this instance of evaluating individual backgrounds as well as the nature of the events as they unfolded

---

[9] The designation "S.T." followed by numerals refers to Sentencing Transcript, July 6, 2015.

6

and the recommendation by the DA that it is one than can be given, in fact, despite the loss of this young girl's life, is consistent with accountability and his role as a minister of justice.

I've reviewed each of your backgrounds. In that regard, Mr. Goehring's is the most profound in terms of criminal history, followed most closely by Mr. Cochran, and Mr. Thomas and Mr. White less so. That's reflected both in the cooperation that each has extended as well as in the sentencing recommendations. The Court, again, finds those recommendations to be consistent with the interest of justice and the nature of events as they unfolded, although nothing can account, whether it's 10 years, 20, 50 years or 100 years, for the loss of this 10-year-old Ta'Niyah Thomas and the profound effect it will have.

The Court appreciates the statement of the father, the statement of her grandfather that was read into the record, who I understand had a significant role in her life and has indicated, as we all know with much of the background and history of what occurred, will forever remain unknown.

(S.T. 4-6).

Based upon the foregoing, the Trial Court did not abuse its discretion in sentencing Appellant as it did. *See Commonwealth v. Kimbrough*, 872 A.2d 1244, 1264-1265 (Pa. Super. 2005) (no abuse of discretion, and all relevant factors considered where court reviewed presentence report prior to imposing sentence of twenty to forty years for third degree murder, and consecutive sentences for recklessly endangering another person); *Commonwealth v. Pollard*, 832 A.2d 517, 526-527 (Pa. Super. 2003) (sentence reasonable and not excessive where judge considered presentence report, victim impact statements, and defendant's allocution before imposing consecutive sentences of twenty to forty years for third

degree murder, five to fifteen years for conspiracy, and one to two years for abuse of corpse).

Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by the Trial Court should be affirmed.

By the Court,

DATE: 2/9/16

_____ ,J.

Edward J. Borkowski