J-S70019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CARLOS  GONZALEZ | |
| Appellant | No. 211 EDA 2016 |

Appeal from the PCRA Order December 17, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001435-2014

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                **FILED OCTOBER 11, 2016**

Carlos Gonzalez appeals from the order denying his first petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA").[1] Gonzalez seeks relief from the judgment of sentence of an aggregate two to four years' imprisonment, imposed on August 27, 2014, following his negotiated guilty plea to charges of possession with intent to deliver ("PWID") heroin and simple assault by physical menace.[2]  On appeal, Gonzalez contends the PCRA court erred in denying him relief based upon

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 2701(a)(3), respectively.

the ineffective assistance of plea counsel. For the reasons that follow, we affirm.

The facts underlying Gonzalez's arrest were summarized during his guilty plea colloquy as follows:

> [T]his occurred on March 2[8]$^{th}$, 2014, approximately 11:32 p.m. Allentown Police were dispatched to the area of 724 North Sixth Street by Sherena Shade, who reported that [Gonzalez] was there earlier and had yelled, "I'm going to light this place up," while displaying a handgun.
>
> The officers made contact later with Mr. Gonzalez at the area of 513 Tilghman Street. Located behind a large pine tree at that area was a red mountain bike as well as additional personal items belonging to Mr. Gonzales. Within those personal items or near them were 93 packets of heroin, the approximate weight being 3.25 grams.

N.T., 8/27/2014, at 12.[3]

Gonzalez was later charged with two counts of PWID (heroin and cocaine), two counts of possession of a controlled substance (heroin and cocaine), and four counts of simple assault by physical menace.[4] On August 27, 2014, he entered a negotiated guilty plea to one count of PWID (heroin)

_____

[3] We note the police also recovered 12.4 grams of crack cocaine from the same area as the heroin, which led to additional charges of PWID and possession of cocaine. *See* Affidavit of Probable Cause, 3/29/2014. Moreover, Gonzalez admitted he also threw a rock through the window of the property on North Sixth Street. *See* N.T., 8/27/2014, at 15.

[4] *See* 35 P.S. § 780-113(a)(30) and (a)(16), and 18 Pa.C.S. § 2701(a)(3), respectively. The additional charges of simple assault were based upon other victims who were at the North Sixth Street property at the time of the incident. *See* Police Criminal Complaint, 3/29/2014, at 4.

and one count of simple assault by physical menace. The parties agreed to a two to four year sentence for the charge of PWID and a concurrent sentence for the charge of simple assault. In addition, the Commonwealth withdrew the remaining charges. That same day, the trial court sentenced Gonzalez in accordance with the terms of the plea agreement.[5] No post-sentence motion was filed.

On September 11, 2014, Gonzalez filed a timely *pro se* PCRA petition, asserting he entered an unknowing and involuntary plea due to counsel's ineffectiveness. The PCRA court appointed new counsel, who filed an amended petition on June 26, 2015. The amended petition included additional claims of counsel's ineffectiveness in conjunction with the entry of Gonzalez's plea. Less than one month later, however, Gonzalez sent a *pro se* letter to the PCRA court seeking to withdraw his petition. Thereafter, on July 30, 2015, counsel filed a motion to withdraw the petition based on Gonzalez's *pro se* filing. However, at the August 14, 2015, evidentiary hearing, the parties decided to proceed with his petition.[6] The PCRA court

---

[5] As noted above, the court imposed a term of two to four years' imprisonment for the charge of PWID, as well as a concurrent term of one to two years' imprisonment for the charge of simple assault.

[6] PCRA counsel explained at the hearing that "the only reason [Gonzalez] wanted to withdraw the PCRA petition [was] because he didn't want to be transported [] to Allentown because now he has lost his positions in programs at the state prison" which will delay his parole. N.T., 8/14/2015, at 4. After the court determined Gonzalez could not be transported back to
*(Footnote Continued Next Page)*

entered an order denying Gonzalez's petition on December 17, 2015. This timely appeal followed.[7]

Gonzalez's sole claim on appeal asserts plea counsel's ineffectiveness caused him to enter an unknowing and involuntary plea. Specifically, Gonzalez contends his plea was unknowing because counsel did not provide him with a copy of the discovery prior to the entry of his plea, nor did counsel review with him the written plea colloquy. *See* Gonzalez's Brief at 9. Further, Gonzalez asserts his plea was involuntary as he claims counsel "told him he would be found guilty if he went to trial because the victim was a woman and he 'would not stand a chance' against a woman witness." *Id.* He also averred counsel told his mother he "would get more time than he expected, and that he was going to lose." *Id.* Gonzalez argues that, but for counsel's actions, he "would have probably not [] entered a guilty plea[.]" *Id.*

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error.

*(Footnote Continued)* ─────────────────

state prison that same day, the parties decided to proceed with the hearing. *Id.* at 8.

[7] On January 21, 2016, the PCRA court ordered Gonzalez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Gonzalez complied with the court's directive, and filed a concise statement on February 8, 2016.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

Where, as here, the petitioner alleges the ineffectiveness of prior counsel in conjunction with a guilty plea, our review is as follows:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.
>
> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Willis***, 68 A.3d 997, 1001-1002 (Pa. Super. 2013), *quoting* ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations, quotation, and quotation marks omitted).

- 5 -

When considering the voluntariness of a defendant's guilty plea,

[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). *See also Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Here, both Gonzalez and plea counsel testified at the PCRA evidentiary hearing. Although Gonzalez claimed counsel never reviewed the discovery with him before the plea, counsel explained his normal practice was to provide a duplicate copy of all discovery to his client. *See* N.T., 8/14/2015, at 11, 46. Likewise, while Gonzalez testified his attorney did not explain the plea colloquy to him and was not even present when he completed the questionnaire, counsel recalled that he sat with Gonzalez and "went over the colloquy with him." *Id.* at 11-12, 38-39. The PCRA court resolved these credibility discrepancies in favor of counsel, as was its prerogative. *See* Trial Court Opinion, 12/17/2015, at 2-3. *See also Spotz*, *supra*, 18 A.3d at 259.

Moreover, our review of the transcript from the guilty plea hearing reveals Gonzalez entered the plea knowingly and voluntarily. The trial court conducted a thorough oral colloquy, during which Gonzalez affirmed: (1) he voluntarily signed the written colloquy form; (2) he was "perfectly aware" of

what was going on, despite the fact he was on prescribed medication for mental health issues and had ingested an illegal substance in the previous 24 hours;[8] (3) he did commit the crimes to which he was pleading guilty; (4) no promises other than those in the plea agreement were made to him; (5) he was not forced or threatened to enter the plea; (6) he was pleading guilty of his "own free will;" and (7) he was satisfied with the representation of his attorney. N.T., 8/27/2014, at 5, 6, 9, 12-17, 18. As we explained above: "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." **Pollard**, **supra**, 832 A.2d at 523.

Furthermore, we note plea counsel testified during the evidentiary hearing that he was prepared to proceed to trial, and, at Gonzalez's request, had filed a motion to suppress statements Gonzalez made while in police

---

[8] We note Gonzalez does not claim the prescription medication and/or drugs he ingested prior to the hearing affected his ability to understand the proceeding. Indeed, during the colloquy, after acknowledging he was taking Seroquel for psychotic behavior, and admitting he had "smoked some K-2" during the previous 24 hours, Gonzalez testified: "I'm perfectly aware of what's going on, like I still understand what you say." N.T., 8/27/2014, at 9. Moreover, in its opinion, the PCRA court, which presided over Gonzalez's plea, stated Gonzalez "appeared to understand everything that was going on, and responded appropriately to all the questions asked of him." PCRA Court Opinion, 12/17/2015, at 2. **See Commonwealth v. Willis**, 68 A.3d 997, 1009 (Pa. Super. 2013) (finding "the mere fact Appellant was taking prescribed psychotropic medication at the time of his plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea.").

custody. *See* N.T., 8/14/2015, at 37. Counsel explained that before the suppression hearing, Gonzalez was not interested in the Commonwealth's plea offer because "the numbers were still not good enough[.]" *Id.* However, counsel spoke again with the Commonwealth's attorney, and the Commonwealth agreed to reduce its plea offer to a maximum of two to four years' imprisonment. Counsel explained this was "more in line with what Gonzalez hoped to resolve the case with." *Id.* at 38. Counsel testified Gonzalez was "immediately interested, and [they] began the process of giving him the guilty plea colloquy[.]" *Id.* Moreover, even if we were to credit Gonzalez's claim that counsel told him that counsel believed Gonzalez would be found guilty if he proceeded to trial, Gonzalez has failed to demonstrate how this statement caused him to enter an involuntary plea, particularly when he testified during the colloquy that he was entering the plea voluntarily and was not forced or threatened to do so.[9] N.T., 8/27/2014, at 18.

Accordingly, upon our review of the record, the parties' briefs, and the PCRA court's opinion, we find no error or abuse of discretion in the court's determination that Gonzalez failed to demonstrate the ineffectiveness of plea

---

[9] We note, as did the PCRA court, that although Gonzalez claimed plea counsel told his mother he would lose if he went to trial, this statement was hearsay absent testimony from his mother. *See* N.T., 8/14/2015, at 45. Moreover, when counsel asked Gonzalez if he wanted him to call Gonzalez's mother to testify, Gonzalez replied, "No." *Id.* at 48.

counsel caused him to enter an unknowing or involuntary plea. Therefore, no relief is warranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016