J-S80030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES WALTER ZERBY, III | |
| Appellant | No. 283 MDA 2016 |

Appeal from the PCRA Order entered January 19, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0003196-2012

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 27, 2017**

Appellant, James Walter Zerby, III, appeals from the January 19, 2016 order entered in the Court of Common Pleas of Luzerne County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

Following an investigation, Appellant was charged with unlawful contact with a minor, involuntary deviate sexual intercourse, aggravated indecent assault, and corruption of minors.  On January 3, 2013, Appellant pled guilty to unlawful contact with a minor.  In exchange, the Commonwealth withdrew all other charges against Appellant.  At the time of the plea, Appellant was represented by the Luzerne County Public Defender's Office.  Prior to sentencing, Appellant retained private counsel, Tony Moses,

Esquire. On June 13, 2013, the trial court granted Appellant's motion to withdraw his guilty plea.

On September 25, 2013, Appellant entered a no contest plea to the unlawful contact with minors charge. On the same day, based on an agreement between the parties, the trial court sentenced Appellant to three years to ten years' incarceration.

On March 10, 2014, the trial court held a Sexual Violent Predator (SVP) hearing. On April 22, 2014, before the record of the SVP hearing was closed, the trial court removed Attorney Moses from the case in light of his suspension from the practice of law. The trial court reappointed the Luzerne County Public Defender's Office to represent Appellant. After granting several continuance requests, on October 15, 2014, the trial court adjudicated Appellant an SVP.

Appellant filed a direct appeal with this Court, challenging his SVP adjudication. *See Commonwealth v. Zerby*, No. 68 MDA 2015, unpublished memorandum at 2 (Pa. Super. filed September 9, 2015). Upon review, we affirmed the judgment of sentence. *Id.*

Appellant timely filed a PCRA petition, challenging his no contest plea counsel's effectiveness. After holding a hearing, the PCRA court denied Appellant's PCRA petition. This appeal followed.

On appeal, Appellant argues his no contest plea was the result of counsel's ineffectiveness. Specifically, Appellant argues he was compelled to

enter a no contest plea because his plea counsel was not prepared for trial. Additionally, Appellant argues counsel did not adequately discuss with him his trial strategy and/or defenses. Finally, Appellant argues counsel's appearance and demeanor also affected his decision to take the plea. Upon review, we conclude no relief is due.

This Court recently reiterated the standard of review from the denial of PCRA relief as follows:

> "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston****,* 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler****,* 614 Pa. 159, 36 A.3d 121, 131 (2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz****,* 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

***Commonwealth v. Medina****,* 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (*en banc*).

This Court also recently summarized the three-pronged test applied when determining ineffectiveness of counsel.

> As originally established by the United States Supreme Court in ***Strickland v. Washington****,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable

> basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome . . . if not for counsel's error.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014) (citations omitted).

The record belies Appellant's claim of ineffective assistance of counsel. "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted). If a person elects to plead guilty, "he is bound by the statements he makes in open court while under oath and he may not later assert grounds for [challenging the validity of plea] which contradict the statements he made at his plea colloquy." **Id.** (citation omitted). Here, at the time of plea, Appellant voiced no concerns regarding plea counsel's preparation, fitness, or demeanor. Indeed, Appellant stated that he had not been forced to plea and that he was satisfied with his counsel. **See** PCRA Court Opinion, 1/19/16, at 7. Thus, Appellant's claim that counsel's actions or inactions induced him into entering the no contest plea lacks arguable merit.

Appellant also failed to show he suffered prejudice from counsel's conduct. Concerning the prejudice prong of the **Strickland** test,[1] this Court has stated:

> To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. **Hill** [**v. Lockhart**, 474 U.S. 52, 59 (1985)]. The "reasonable probability" test is not a stringent one. **See Nix v. Whiteside**, 475 U.S. 157, 175, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) (reasonable probability standard less demanding than preponderance standard).

**Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002).

Appellant failed to produce any evidence at the hearing addressing the prejudice prong of the standard. Indeed, the PCRA court noted that:

> Although [Appellant] testified about [plea counsel]'s failure to adequately consult with him prior to the scheduled trial, he never testified about any effect his counsel's failure to contact him had. For example, there was no testimony that, had there been a trial, the outcome would have been different. Nor did [Appellant] testify regarding evidence which may have supported his innocence that [plea counsel] failed to investigate. Indeed, [Appellant] failed to show that, had [plea counsel] acted differently, he would not have entered the plea of nolo contendere and would have proceeded with the trial. Instead, the record reflects that [Appellant] chose to accept the plea agreement in exchange for the Commonwealth dropping the other charges pending against him.

---

[1] We need not address all prongs of the **Strickland** standard. As long as one the three prongs has not been met, there cannot be a finding of ineffective assistance of counsel. **See**, **e.g.**, **Commonwealth v. Thomas**, 44 A.3d 12, 17 (Pa. 2012) (stating that a failure to satisfy any of the three prongs of the ineffectiveness test requires rejection of an ineffective assistance of trial counsel claim).

PCRA Court Opinion, 1/19/16, at 7. Upon review of the record, we agree with the PCRA court's analysis and conclusions.

Similarly, in his brief to this Court, Appellant does not specifically discuss the prejudice he suffered from plea counsel's alleged ineffectiveness.[2] Indeed, nowhere did Appellant explain what strategy counsel failed to employ, or what defense counsel failed to raise or pursue. Additionally, nowhere did Appellant state he would have faced a trial on the original charges of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, and corruption of minors, rather than take a no contest plea to unlawful contact with a minor but for counsel's fitness, demeanor, appearance, or preparation. In the end, Appellant merely offers a bald, unsubstantiated, and unarticulated claim of ineffectiveness, for which no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017

---

[2] More precisely, in his brief, Appellant did not specifically mention or analyze any prong of the ineffectiveness standard.