J-S45024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KELVIN BRYANT | |
| Appellant | No. 1883 EDA 2016 |

Appeal from the PCRA Order May 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011173-2010
CP-51-CR-0014199-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.            **FILED SEPTEMBER 19, 2017**

Appellant, Kelvin Bryant, appeals *pro se* from the order entered in the Philadelphia Court of Common Pleas, denying his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. Following the shooting deaths of two young men, police arrested Appellant and his two co-defendants. Following a consolidated jury trial, the jury convicted Appellant of two counts of first-degree murder, and one count each of conspiracy to commit murder and possession of an instrument of crime. Prior to sentencing, Appellant agreed to waive his appellate rights in exchange for a sentence of life imprisonment without parole. The court

_____

[*] Retired Senior Judge assigned to the Superior Court.

administered both a written and oral colloquy, and accepted the agreement. On February 6, 2013, the court sentenced Appellant to life imprisonment without parole.

On February 26, 2013, Appellant attempted to withdraw the sentencing deal in order to file a direct appeal. The court denied that motion. Thereafter, Appellant filed a timely PCRA petition on April 16, 2013. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[1] no-merit letter and requested permission to withdraw. The court instead appointed replacement counsel, who also filed a no-merit letter and a motion to withdraw representation. The court then issued Rule 907 notice of its intention to dismiss Appellant's petition without a hearing, and granted replacement counsel's motion to withdraw. The PCRA court ultimately dismissed the petition. Appellant's timely pro se appeal is now before us.

On appeal, Appellant claims: he was coerced into "pleading guilty" (waiving his appellate rights in exchange for a life sentence); trial and PCRA counsel were ineffective; the PCRA court erred by allowing PCRA counsel to withdraw despite meritorious issues; and the PCRA court erred by failing to hold an evidentiary hearing.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc)

supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is de novo. ***See id***.

To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. ***See Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa. Super. 2004).

Preliminarily, Appellant's appellate brief does not contain any argument regarding the ineffectiveness of either attorney appointed to represent Appellant on collateral relief, and that argument is therefore waived. ***See*** Pa.R.A.P. 2119.

Appellant's waiver of his right to direct appellate and collateral review in exchange for a life sentence was the functional equivalent of a guilty plea. ***See Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. Super. 1996). "A plea of guilt that is motivated by a fear that the prosecution may obtain the death penalty is valid as long as the guilty plea is entered knowingly and voluntarily." ***Id***. (citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "A person who elects to plead guilty is

bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable M. Theresa Sarmina, we conclude that Appellant's issues on appeal merit no relief. ***See*** PCRA Court Opinion, filed October 14, 2016, at 7-24. Accordingly, we affirm based on the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017