J-S33007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS WOMACK | : | |
| | : | |
| Appellant | : | No. 2090 EDA 2020 |

Appeal from the PCRA Order Entered October 13, 2020,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002836-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS WOMACK | : | |
| | : | |
| Appellant | : | No. 2091 EDA 2020 |

Appeal from the PCRA Order Entered October 13, 2020,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002889-2015.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS WOMACK | : | |
| | : | |
| Appellant | : | No. 2092 EDA 2020 |

Appeal from the PCRA Order Entered October 13, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0007878-2015.

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 22, 2022**

Marcus Womack appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows.  On June 28, 2017, Womack entered open guilty pleas at the above dockets to firearm and related charges stemming from the straw purchase of guns.[1]  On October 19, 2017, the trial court imposed an aggregate term of five to ten years of incarceration plus five years of probation.  Womack did not file a post-sentence motion and his *pro se* direct appeals were dismissed as untimely filed.

On September 5, 2018, Womack filed a timely PCRA petition.  The PCRA court appointed counsel.  On January 15, 2020, PCRA counsel filed an amended petition in which Womack asserted that his plea counsel rendered ineffective assistance by advising him to plead guilty.  On  March 13, 2020, the Commonwealth filed a motion to dismiss.  On August 11, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Womack's

---

[1] All charges in a third case were *nolle prossed* on November 20, 2017.

petition. Womack did not file a timely response. By order entered October 13, 2020, the PCRA court denied Womack's petition. Womack filed an appeal at each docket, which this Court consolidated *sua sponte* on December 30, 2020. Both Womack and the PCRA court have complied with Pa.R.A.P. 1925.[2]

Womack raises the following two issues on appeal:

   A. Should [this] Court quash [Womack's] appeals as untimely?

   B. Did PCRA counsel render ineffective assistance by not alleging plea counsel's ineffectiveness for assuring [Womack] that he would be sentenced to three to six years of incarceration?

Womack's Brief at 5.

We first note that the Commonwealth agrees with Womack that his appeal should not be quashed as untimely. **See** Commonwealth's Brief at 12-13. Our review of this Court's docket reveals that although timely filed from the October 13, 2020, order dismissing his PCRA petition, Womack identified the earlier Rule 907 notice as the final order. Nevertheless, as the appeal was timely filed from the PCRA court's final order dismissing Womack's PCRA petition, we need not remand. Instead, we have corrected the captions accordingly. **See** Pa.R.A.P. 902 (providing that the "[f]ailure of an appellant

_____

[2] Substantial delay occurred before this appeal was ready to be listed for panel consideration. Our prothonotary twice sent overdue notices regarding the overdue record and its was not received in this Court until November 17, 2021. Thereafter, both Womack and the Commonwealth requested multiple extensions of time to file their brief. Ultimately, the Commonwealth filed its brief on August 26, 2022, and the case was assigned to this panel.

to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate which includes, but is not limited to remand of the matter to the lower court so that the omitted procedural step may be taken"). Thus, we address Womack's second issue.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Womack's claim alleges the ineffective assistance of PCRA counsel for the first time on appeal pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

Before considering the merits of Womack's claim, we must first address the Commonwealth's assertion that he waived the issue because he did not challenge initial PCRA counsel's ineffectiveness in his Rule 1925(b) statement of errors claimed of on appeal. ***See*** Commonwealth's Brief at 13-14. A review of Womack's Rule 1925(b) statement reveals that his ineffectiveness claims were only raised as to plea counsel; Womack did not present a claim of layered ineffectiveness by including a claim regarding initial PCRA counsel. Thus, the PCRA court did not have an opportunity to address Womack's layered claim that PCRA counsel was ineffective for not claiming plea counsel was ineffective for allowing him to enter a guilty plea based on plea counsel's promise of a three to six-year sentence.

In ***Commonwealth v. Parrish***, 273 A.3d 989 (Pa. 2022), our Supreme Court was divided over whether, in light of ***Bradley***, ***supra***, Parrish preserved a claim of initial PCRA counsel's ineffectiveness in his Rule 1925(b) statement.

At issue in **Parrish** was whether the petitioner's new PCRA counsel adequately preserved a layered claim that initial PCRA counsel was ineffective. Specifically, in his brief Parrish argued that his first PCRA counsel was ineffective for failing to adequately argue trial counsel failed to consult with him about filing an appeal. However, in his Rule 1925(b) statement to his PCRA appeal, his new PCRA counsel only faulted PCRA counsel for failing to challenge trial counsel's ineffectiveness in not filing a requested notice of appeal.

Writing for the majority, Justice Donahue found that Parrish "adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his [Rule] 1925(b) Statement and in his brief filed with [the Supreme Court] in this appeal." **Parrish**, 273 A.3d at 1002. According to Justice Donahue, Parrish preserved the failure to consult claim because "a failure to consult argument, at base, must assert that counsel failed to file an appeal that would have been requested." **Parrish**, 273 A.3d at 1000, n.9. She further noted that, according to the language of Rule 1925(b), each error identified in the statement "will be deemed to include every subsidiary issue that raised in the trial court[.]" **Id.** citing Pa.R.A.P. 1925(b)(4)(v). Justice Donahue then concluded that "Parrish's framing of the issue in paragraph seventeen [of his Rule 1925(b) statement] adequately encompasses" the failure to consult claim.

In his dissent, Justice Dougherty, joined by two justices, stressed the importance of strictly reading the Rule 1925(b) statement. After citing prior cases, including Parrish's prior appeal, Justice Dougherty found Parrish waived his ineffectiveness claim because he failed to raise the specific claim of initial PCRA counsel's ineffectiveness in his Rule 1925(b) statement. According to Justice Dougherty, the failure to consult with an appellant is a distinct issue from failing to file a requested appeal. Because failure to consult claim was not raised with specificity in Parrish's Rule 1925(b) statement, it was waived. **See Parrish**, 273 A.3d at 1007-1011.

Although our high court was divided over whether the specific claim of initial PCRA counsel's ineffectiveness raised by Parrish in his Rule 1925(b) statement encompassed the claim of initial PCRA counsel's ineffectiveness for failing to consult, both decisions stress that a claim of PCRA counsel's ineffectiveness must be raised in the Rule 1925(b) statement. Here, by contrast, Womack's Rule 1925(b) statement does not reference PCRA counsel, but rather speaks only to the ineffectiveness of plea counsel.

In **Commonwealth v. Alston**, 279 A.3d 1283, *7 (Pa. Super. 2022) (non-precedential decision), this Court found waiver when the *pro se* PCRA petitioner did not raise the claim of PCRA counsel's ineffectiveness in the Rule 1925(b) statement. As in **Alston**, because new PCRA counsel did not raise Womack's layered claim of ineffectiveness in his Rule 1925(b) statement, we agree with the Commonwealth that Womack's second issue is waived.

Even absent waiver, however, our review of the record refutes Womack's claim that his initial PCRA counsel was ineffective. *See Bradley*, 261 A.2d at 402 (explaining that an appellate court may address straightforward claims of PCRA counsel's ineffectiveness).

In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Id.* Thus, we first consider whether plea counsel was ineffective.

Regarding claims of ineffectiveness in relation to the entry of plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements

for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

With these standards in mind, we need only briefly address Womack's claim that plea counsel promised him a sentence of no more than three to six years of imprisonment. This claim contradicts the answers Womack gave in both his oral and written guilty plea colloquies. At his oral guilty plea colloquy, Womack acknowledged that, due to a prior conviction, plea counsel had

informed him that he was facing a mandatory five to ten years of imprisonment. ***See*** N.T., 6/28/17, at 11-12. Additionally, Womack acknowledged that no promises had been made in return for his guilty plea. ***See id.*** at 17.

In sum, Womack waived his claim of initial PCRA counsel's ineffectiveness for failing to raise the claim in his Rule 1925(b) statement. Even absent waiver, the record readily refutes Womack's claim that he was promised a lesser sentence in return for his guilty plea. We therefore affirm the order denying Womack post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022